JONES, VARNUM & CO., APPELLANTS, VS. JENNIE TOWNSEND, ADMINISTRATRIX, APPELLEE.

The right of action for a libel dies in this State with the plaintiff, and the action cannot be revived in favor of his personal representative. Jacksonville Street Ry. Co. vs. Chappell, 22 Fla., 616, reviewed and approved.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*Randall, Walkers & Foster* for Appellants.

*H. H. Buckman* for Appellee.

MR. JUSTICE RANEY delivered the opinion of the court:

The intestate sued the appellants for libel and recovered a judgment which appellants appealed to the January term, 1885, of this court. Pending this appeal the intestate died and the administratrix was made a party here, and the judgment was reversed at that term. Upon the cause being remanded, notice, entitled in the cause as originally instituted, was given on September 17, 1885, to the intestate's attorney, who was also attorney for the administratrix, that a motion would be made at the succeeding term of the Circuit Court to abate the action, on the

ground that it did not survive to his legal or personal representative. No action appears to have been taken upon this notice, either by counsel or the court.

On February 1st, 1886, an order was made reciting a suggestion of the death of Townsend, and the filing of letters of administration, and a docketing of the case in the name of the administratrix, and ordering that the administratrix be made a party to said suit and that the same proceed in the name of said administratrix as entitled of record. A trial was had at the spring term, 1886, resulting in a verdict and judgment for the plaintiff. The defendants have appealed.

If the right of action did not survive to the personal representative of the intestate, the above order should not have been made, and all subsequent procedings are erroneous.

In Jacksonville Street Ry. Co. vs. Chappell, 22 Fla., which was an action in tort to recover damages for personal injuries received by a passenger through the negligence of a common carrier, we held that the right of action died with the plaintiff and should not have been revived in favor of his personal representative, that such was the rule, not only at common law, but also under our statute. If this decision is correct, it is clear that the present action abated on the death of Townsend. Counsel for appellee asks us to review the decision and we have done so cheerfully and with proper care, but are unable to see any error in its conclusion or reasoning.

The first statute we find upon the subject is that approved January 19, 1827, an act regulating judicial proceedings. It provided (section 12) that in all cases where the plaintiff should die after service of process and before final judgment, such action should not abate, if the same might be originally prosecuted and maintained by the

executors and administrators of said plaintiff, and if defendant die after service of the process and before final judgment, such action should not abate if the same were originally maintainable against the executors or administrators of such defendant; and then makes provision for making parties. The next statute is that approved January 19, 1828, entitled "An Act to revise and amend the Judiciary System of this Territory." It provides by section 40 that "no suit in any of said courts shall abate by the death of either party where the cause of action would in any case survive to the executor or administrator, but the same shall proceed as if such testator or intestate had not died," and prescribes the time and mode for making parties. The 43d section of this act is, omitting the enacting clause, as follows: "That all actions for assault and battery, slander, false imprisonment and malicious prosecution, shall abate upon the death of either plaintiff or defendant." Our present statute is that of November 23d, 1828, entitled "An Act regulating Judicial Proceedings." Its 28th section is the same as the 40th section of the former act and is to be found on page 332 of Thompson's Digest, and the 30th section is, "That hereafter all actions for personal injuries shall die with the person, to wit: assault and battery, slander, false imprisonment and malicious prosecution; all other action shall and may be maintained in the name of the representatives of the deceased." P. 830, McClellan's Digest.

It is perfectly clear to our minds that there is nothing in the act of 1827, or in that of January 19, 1828, which changes the common law so as to make any right of action survive to a personal representative, which did not survive at common law. The 43d section of the act of July, 1828, is only declaratory of the common law as to certain causes of action; it says nothing about any other causes of action

which die with the person, or about any which do not so die. Viewed in connection with section 40 of the same act it cannot be held to have been intended to make any cause of action survive which did not do so before.

It is argued by counsel for appellee that the common law being in force here, at the passage of the act of January, 1828, a careful examination of it and the act of November, 1828, leads to the conclusion that the Legislature, by a more enlightened policy, desired that only such actions as are enumerated in the former of these two acts of 1828 should abate by the death of the parties; that the later, or November enactment, was designed to more clearly express such intention. We are unable to see that any such intention is shown by the January act. "To know what the common law was, before the making of a statute, whereby it may be seen whether the statute be introductory of a new law, or *only affirmative of the common law*, is the very lock and key to set open the windows of a statute. Further, as a rule of exposition, statutes are to be construed in reference to the *principles* of the common law, for it is not to be presumed that the Legislature intended to make any innovation upon the common law, further than the case absolutely required. The law rather infers that the act did *not* intend to make any alteration, other than what is specified, and *besides* what has been plainly pronounced, for if the parliament had that design, it is naturally said, they would have expressed it." Potter's Dwarris, p. 185. What innovation or alteration of the common law can be presumed from the act either to have been "absolutely required," or to have been intended, as to the actions or causes of action mentioned, when the language of the act is a mere declaration of what the common law is as to such actions or causes of action? If it be a rule, as it is, that an act is to be construed as *not* intending

any alteration other than what is specified or plainly pronounced, how can we say that a simple declaration of the common law as it exists as to certain actions, or causes of actions, shall be construed to extend to others neither specfied nor pronounced, nor referred to ?

Turning to the act of November, 1828, and taking a general view of either the whole of section 30, or of it and section 28, we are satisfied that the purpose of the Legislature was to simply to provide that *all actions* for personal injuries should die with the person, and that *all other* actions should survive. The enumeration (immediately after the plain and broad declaration that hereafter all actions for personal injuries shall die with the person) of only some of those personal injuries, actions for which did so die at common law, does not show an intention that the general declaration of the act should be qualified by such enumeration ; particularly does this seem to be the case when we find, immediately following, the positive declaration that all other actions shall be maintained in the name of the representative of the deceased. Suppose we assume that the framer of the bill at the time of drawing it could recall no other personal injuries, the right of action for which died with the person, is it not still plain that his purpose was to provide that *all* actions for personal injuries, whatever the injury, should so die? Is this real intent to be defeated by an omission in the enumeration of the injuries ? Looking at the entire language of this section 30, we must either hold that the injuries stated were given as examples, or, which we cannot well do, that the Legislature was ignorant of the common law, and if we make the latter assumption there is still a clear intent that all actions for personal injuries should die. To hold that the enumeration controls the plain and strong declaration of the section is to give the statute an effect contrary to the plain sense of all

other expressions of the section, and to expound it neither according to its letter, considered as a whole, nor its evident meaning. In view of the language preceding the "to-wit," the intention was clearly one reaching all actions for personal injuries, and if we should even say that the understanding of the Legislature was that the injuries enumerated were all those which at common law ceased to be actionable on the death of the person, was not the intent of the Legislature, still that *all* actions for personal injuries should die? Is not an intention to enumerate all, though not carried out, to be sustained where the other language of the statute shows clearly that there was such intention. A thing which is within the object, spirit and meaning of a statute, is as much within the statute as if it were within the letter of it. Potter's Dwarris, p. 179. An action based on a libel or other personal injury not enumerated is as much within the meaning, and even the letter of this act, looking at its context, as one based on slander or other enumerated wrong. Judges are to look at the language of the whole act, and if, upon a view of the whole, they can collect from the more large and extensive expressions the real intent of the Legislature, it is their duty to give effect to the larger expression, though there be in a particular clause of the act an expression not so large or extensive as those used in other parts. Ibid, 194.

Our interpretation is not inconsistent with the language of the act, considered as a whole and with reference to the previous state of the law. It also gives to all the words used a reasonable operation and ignores none. Ibid, 207.

We have carefully considered the authorities cited by the appellee's counsel, who has exhibited marked ability and the most commendable industry and zeal in behalf of his client, but find nothing causing us to doubt the cor-

rectness of our conclusions, that this statute is merely declaratory of the common law.   An action for libel is, we think, as much within the provisions of its first sentence as is an action of slander.

The judgment is reversed, and the case will be remanded with directions that judgment be entered dismissing the action.