### BRILL v. JEWETT et al.

#### (Circuit Court of Appeals, Fifth Circuit. February 10, 1920.)

#### No. 3473.

1. CONTRACTS ⬅182(1)—OBLIGATION IS PRESUMED JOINT UNLESS DIFFERENT INTENTION IS DISCLOSED.

The presumption of law is that, when two or more in writing incur an obligation, the undertaking is joint, and not several, unless the language used discloses a different intention.

2. BILLS AND NOTES ⬅120—JOINT NOTE NOT RENDERED SEVERAL BY AGREEMENT SEVERALLY TO PAY ATTORNEY'S FEES.

The presumption that a note signed by two persons and joint in form was joint, and not several, was not rebutted by the recitals that the makers and indorsers severally agreed to pay reasonable attorney's fees, if the note was placed in the hands of an attorney for collection.

3. ABATEMENT AND REVIVAL ⬅50—STATUTE HELD TO ABROGATE COMMON-LAW RULE AS TO EFFECT OF DEATH OF JOINT OBLIGOR.

Gen. St. Fla. 1906, § 1375, providing that all actions for personal injuries, therein specified, die with the person, and that all other actions may be maintained in the name of the representative of the deceased, provides for the survival of all actions, other than those enumerated, on the death of either obligor or obligee, and abrogates the common-law rule that the death of one joint obligor discharges his representative and leaves the surviving obligor alone liable.

4. ABATEMENT AND REVIVAL ⬅50—STATUTE AS TO SURVIVAL SHOULD BE LIBERALLY CONSTRUED.

Gen. St. Fla. 1906, § 1375, as to the survival of actions, should be liberally construed to effectuate its remedial purpose.

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Action by Louis Brill against Mary B. Jewett and another as executrices of Florence E. Inman, deceased. Judgment for defendants on demurrer, and plaintiff brings error. Reversed.

K. I. McKay and R. W. Withers, both of Tampa, Fla., for plaintiff in error.

William Hunter, of Tampa, Fla., for defendants in error.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before WALKER, Circuit Judge, and GRUBB and JACK, District Judges.

WALKER, Circuit Judge. This was an action by the plaintiff in error, suing as indorsee, against the defendants in error, the personal representatives of Florence E. Inman, deceased, on an instrument of which the following is a copy:

"$15,000.00.                                    Tampa, Fla., April 3, 1911.

"On demand after date we promise to pay to the order of the Swann & Holtsinger Company, fifteen thousand dollars with interest after maturity at the rate of eight per cent. per annum until paid, for value received, negotiable and payable at any bank in Tampa, Florida, and if not paid at maturity, this note may be placed in the hands of an attorney at law for collection, and, in that event, it is agreed and promised by the makers and indorsers, severally, to pay an additional sum of reasonable attorney's fees, having deposited with the said payee as collateral security for the payment of this note, and any note given in extension or renewal thereof.

                            "Eugene Holtsinger.   [Seal.]
                            "Florence E. Inman.   [Seal.]"

It was disclosed by the declaration as it was amended that Eugene Holtsinger died intestate after the decease of the other maker of the note, Florence E. Inman. The defendants by demurrer suggested that the right of action on the joint note sued on survived only against Eugene Holtsinger or his estate. The demurrer to that effect was sustained.

The demurrer was based upon the proposition that under the common law, which, except as it has been modified, is in force in Florida, if one of two joint obligors dies the debt is extinguished against his representative, and the surviving obligor is alone chargeable. Pickersgill v. Lahens, 15 Wall. 140, 21 L. Ed. 119.

[1, 2] In behalf of the plaintiff in error it is contended that the note sued on imposed a several obligation on each of the makers of it. The presumption of law is that when two or more in writing incur an obligation the undertaking is joint, and not several, unless the language used discloses a different intention. Atlanta & St. A. B. Ry. Co. v. Thomas, 60 Fla. 412, 53 South. 510; 13 Corpus Juris, 577. The language of the instrument in question is not such as to rebut that presumption, so far as the obligations imposed on the makers are concerned. The only words of severance found in the instrument are those in the part of it imposing an obligation to pay an attorney's fee in the event of the note not being paid at maturity and being placed in the hands of an attorney at law for collection. The severance so effected seems to have been intended to be between the makers on the one hand and the indorsers on the other hand. The language used in that part of the instrument does not indicate a purpose to make the obligation it imposes on the makers a several one of each of them. The conclusion is that if the above-stated common-law rule still is in force in Florida the note is not enforceable against the personal representatives of that one of the two joint obligors who died first.

[3] The following statute of Florida is invoked in behalf of the plaintiff in error to support the conclusion that the right of action

against the maker who died first was enforceable against her personal representatives:

"All actions for personal injuries shall die with the person, to wit: Assault and battery, slander, false imprisonment, and malicious prosecution; all other actions shall and may be maintained in the name of the representatives of the deceased." General Statutes of Florida, § 1375.

Under the familiar rule of construction which is expressed in the maxim, "Expressio unius est exclusio alterius," we think that the first clause of the quoted statute is to be regarded as an enumeration of the actions which die with the person, and as impliedly including a statement to the effect that actions other than those enumerated do not die with the person. The last clause of the section is not inconsistent with the just-stated conclusion. It makes all actions other than those enumerated maintainable in the name of the representatives of the deceased. The language used puts it beyond question that, in the event of the death of one who had a right of action other than those enumerated, the party liable surviving, such right of action is made enforceable against the latter by the personal representative of the former. This is admitted by the counsel for the defendants in error.

To sustain the contention made in their behalf would result in giving to the statute the effect of creating the anomaly of a class of actions which survive in favor of the personal representatives of deceased beneficiaries, but die with the persons of those who incurred liabilities. Valentine v. Norton, 30 Me. 194. The statute plainly provides for the survival of all actions other than those enumerated. There is no indication of an intention to make any action survive after the decease of one party and not survive after the decease of the other. The use of the words "shall and may be maintained" is what is relied on to give the provision the effect of making "all other actions" survive only in favor of the personal representatives of the beneficiaries thereof. In attributing such a meaning to the language used it is assumed, and we think improperly, that an action may not as well be said to be maintained against one as in his favor.

[4] But the language of such a statute is to be liberally construed, to effectuate the remedial purpose it evidences. The intention in providing for the survival of all actions except the enumerated ones was to prevent their enforceability being destroyed by the death of a party. As to such actions there was an abrogation of the common-law rules as to the effect of the death of a party. We think that the language of the statute, giving it the meaning and effect which it must be supposed was intended, requires the conclusion that it prevents the death of one of the joint makers of the note sued on from having the effect of making the obligation imposed by it enforceable only against the other then surviving maker.

The averments of the declaration do not show that there has been any appointment of a personal representative of Eugene Holtsinger, one of the deceased makers of the note sued on. They do not show that there is in existence any one subject to be sued on it, except the defendants in error, the personal representatives of one of the deceased makers. As the asserted right of action survived against the parties

sued, and it not appearing that there is any one else subject to be sued, the declaration was not subject to the demurrer interposed. The court erred in sustaining that demurrer.

Because of that error the judgment is reversed.