BERNARD W. CLOSE, *Plaintiff in Error*, v. CORNELIA ANN CUNNINGHAM, as Executrix of the Estate of John A. Cunningham, deceased, *Defendant in Error*.

En Banc.

Opinion filed May 15, 1930.

*John F. Hall* and *Robert H. Anderson*, Attorneys for Plaintiff;

*S. M. Mathews*, Attorney for Defendant.

PER CURIAM.—This is an action for personal injuries. The record and the briefs of counsel in the cause have been examined carefully. We think the judgment below should be affirmed on authority of Jacksonville Street Railway Company v. Chappell, 22 Fla. 616, 1 So. R. 10, and Jones v. Townsend, 23 Fla. 255, 2nd So. R. 612, construing an Act of 1828, now appearing as Section 4211, Comp. Gen. Laws.

Affirmed.

WHITFIELD, ELLIS, STRUM AND BROWN, J. J., concur.

TERRELL, C. J., AND BUFORD, J., dissent.

BROWN, J. (concurring) :

I think the construction of a statute, which is not potentially erroneous and unreasonable, and which has been allowed to stand so long, and which was embraced in the Rev. Stats. of 1892, adopted by the legislature and in subsequent compilations of our general laws, in the light of the construction placed on it by this Court in 1887, should still be allowed to stand. If any change is advisable, let the legislature make it, not the courts.

TERRELL, C. J. (dissenting) :

Plaintiff in error, Close, brought a common law action against John A. Cunningham to recover damages for personal injuries sustained by him as a result of the alleged negligent operation of a motor truck by the agents of Cunningham on the public highways. Cunningham filed pleas to the declaration denying the negligent act and offering other defenses. A demurrer on the part of Close to some of the pleas was sustained and the cause was at issue on

the remaining pleas when Cunningham died. Suggestion of the death of Cunningham was made and the name of his executrix, Cornelia Ann Cunningham, was substituted as party defendant as provided in Section 2573, Rev. Gen. Stats. of Florida 1920 (Section 4211, Comp. Gen. Laws of 1927). A motion of the executrix to vacate the order making her a party defendant was granted and the cause was dismissed and abated at the cost of Close. Writ of error was prosecuted to review that judgment.

The sole question brought here for our consideration is whether or not under Section 2573, Rev. Gen. Stats of 1920 (Section 4211, Comp. Gen. Laws of 1927) an action for personal injuries dies with the person, or may such an action be revived and maintained in the name of the representatives of the deceased.

Section 2573, Rev. Gen. Stats. of 1920 (Section 4211, Comp. Gen. Laws of 1927) is as follows:

"All actions for personal injuries shall die with the person, to-wit: assault and battery, slander, false imprisonment, and malicious prosecutions; all other actions shall and may be maintained in the name of the representatives of the deceased."

At common law the right of action to recover for personal injuries caused by the negligent act or omission of another did not survive the death of either party. The disposition of this cause below was based on Jacksonville Street Railway Company v. Chappell, 22 Fla. 616, 1 So. R. 10, wherein this Court deleted the words "assault and battery, slander, false imprisonment, and malicious prosecution" from the foregoing statute and then applied the rule of the common law to it. I think that holding was erroneous. It cannot be gainsaid that the statute is ambiguous yet with all that I think it perfectly apparent that

what the Legislature intended was, that any action for personal injuries predicated on assault and battery, slander, false imprisonment, or malicious prosecution should die with the person but that an action for personal injuries predicated on any other ground shall and may be maintained in the name of the representatives of the deceased. The statute in other words applies the common law rule to actions predicated on assault and battery, slander, false imprisonment, and malicious prosecution, but releases that rule as to all other personal injury actions including the one in the instant case.

I think the purpose of the statute here brought in question was to enlarge the rule of the common law for the survival of actions for personal injuries. For the purpose of merely reenacting that rule it was unnecessary. Section 71, Rev. Gen. Stats. of 1920 (Section 87, Comp. Gen. Laws of 1927). This holding is not only supported by the better reasoning but it is in harmony with the trend of survival of statutes in this country.

For these reasons I cannot agree to the view expressed by the majority of the Court.

BUFORD, J., concurs.