STATE, *ex rel.* H. E. WOLFE CONSTRUCTION COMPANY, and J. W. CONNER, JR., v. L. L. PARKS and HARRY N. SANDLER, as Judges of the Circuit Court of Hillsborough County, and E. N. BLAIR, as Administrator of the Estate of W. M. SAULS, Deceased.

175 So. 786.
Opinion Filed July 31, 1937.

*McKay, Macfarlane, Jackson & Ramsey* and *Chester H. Ferguson,* for Relators;

*J. Tom Watson,* for Respondents.

CHAPMAN, J.—On July 13, 1935, plaintiff filed in the Circuit Court of Hillsborough County an amended declaration, in which it was alleged that defendants were the joint and several owners of a motor truck and through their agent on the 18th day of March, 1935, negligently operated a motor truck on the public highways of Hillsborough County, and as a result of the negligent and careless operation thereof by the agent of the defendants the plaintiff to this suit was struck, bruised and otherwise sustained serious personal injuries.

To this declaration the defendant filed several pleas, viz.: first, not guilty, second, denial of the joint and several

ownership of the motor truck; and, third, denial of the relationship of master and servant and principal and agent on the part of the driver, and another plea not necessary to set forth. The issues in said cause had been settled and prior to the trial thereof the plaintiff, W. M. Sauls, on February 1, 1936, died. An order was entered by the Circuit Court of Hillsborough County abating the action. After an order of abatement was entered, plaintiff, through counsel, filed a motion suggesting the death of W. M. Sauls, and simultaneously, moved the Court for a revival order thereof in the name of E. N. Blair, as Administrator of W. M. Saul's estate. The lower court upon due consideration of the motion entered its said order granting the motion to revive and further held that said action survive the death of the then late W. N. Sauls, and further ordered that the action continue in the name of E. N. Blair, Administrator.

The plaintiff below in conformity with the order of revival filed a second amended declaration consisting of two counts, the material allegations of which are substantially the same as appeared in the original declaration. To the second amended declaration the defendants filed several pleas, viz.: not guilty, denial of ownership of the motor truck, denial of agency on the part of the driver, and a fifth plea material to the consideration of this suit being in substance: "That W. M. Sauls died subsequent to the filing of said suit and averred that the cause of action on the part of W. M. Sauls, if any he had, died and expired with his said death." All of the defendants' pleas were stricken by the court on motion of the defendants, except the plea of not guilty.

The defendants in the pending personal injury suit filed in this Court their petition for a writ of prohibition directed to the Honorable L. L. Parks and Harry N. Sandler, as

Judges of the Circuit Court of Hillsborough County, in which it was among other things alleged that the Circuit Court of Hillsborough County was without jurisdiction to proceed with the trial of said cause in the name of the Administrator of the decedent's estate because of the death of the said W. M. Sauls and the cause of action expired with his said death and does not survive and can not lawfully be maintained by the Administrator against the relators.

The rule to show cause was issued and served upon the Honorable Judges of the Circuit Court of Hillsborough County and the plaintiff below.

The joint and several return of the Circuit Judges as filed in this Court in response to the rule is a recital of the record of the cause being suggestion of death, abatement order, and the order of revival and the pendency thereof in the court below. No other issues of fact are tendered by said answer.

The respondent, E. N. Blair, as Administrator of the estate of W. M. Sauls, through counsel, in response to the rule filed a demurrer directed to the petition for a writ of prohibition, and the grounds of demurrer called into question the legal sufficiency of the petition for writ of prohibition. It seems that this suit can be disposed of by an order on the demurrer. In the consideration of the suit the parties will be referred to as plaintiff and defendant as they appeared in the lower court. The sole question to be settled by this Court is: Did the personal injury suit now pending in the Circuit Court of Hillsborough County abate upon the death of W. M. Sauls, or does it survive, and, if so, can it be maintained by the Administrator of W. M. Sauls? An examination of the authorities show that a personal injury suit, similar to the suit at bar, at the com-

mon law died with the person as established by the following authorities.

On November 6, 1829, the Legislature of Florida adopted the common law of England, being Section 87, Compiled General Laws of Florida:

"Common Law and Certain Statutes Declared in Force.—The common and statute laws of England which are of a general and not a local nature, with the exception hereinafter mentioned, down to the fourth day of July, 1776, are hereby declared to be of force in this State: Provided, the said statutes and common law be not inconsistent with the Constitution and laws of the United States and the Acts of the Legislature of this State."

This Court in the case of Quinn v. Phipps, 93 Fla. 805, text p. 824, 133 So. 419, 54 A. L. R. 1173, in discussing the common law, said:

"Our 'Anglo-American legal tradition' which we term the common law is primarily an English institution. It is not a fixed body of well defined rules embodied in the written records of this or the mother country, but is rather a method of juristic thought or manner of treating legal questions worked out from time to time by the wisdom of mankind. It is a doctrine of reason applied to experience. Its rules were promulgated in feudal times, an age of dense ignorance, crude customs and primitive society, when slight value was attached to life, liberty or property, when commerce was almost unknown and property was of little value. In the time of Henry II the King's courts became organized and from these local rules or customs began to evolve the common law. By the genius of Coke these rules or customs were remolded into vital pulsating principles and were passed on to the English Colonies in this country where they have by reason and interpretation attained their

most complete logical development. We are therefore more essentially a common law country than England herself."

An examination of the authorities generally show that personal actions abate on the death of either party. See Corpus Juris, Vol. 1, page 153, par. 248:

"At common law every real or personal action abated on the death of either the sole plaintiff or the sole defendant before verdict and judgment, and this is still the law except in so far as the common-law rule has been modified by statute. And the death of a party had the same effect, with certain exceptions, where there were several plaintiffs or defendants."

See Vol. 1, Ruling Case Law, pages 20 and 21, par. 11:

"At common law every suit, whether founded on contract or tort, abated by the death of a sole plaintiff or sole defendant and could proceed no further. It absolutely perished. The suit was therefore incapable of revival though originally maintainable for or against the representative of the deceased; it being necessary in case the cause of action survived to bring a new suit. But it was a not uncommon practice, at a time when actions at law, and especially actions *ex delicto*, were wholly abated by the death of one of the parties, for orders to be entered by the court, either upon the stipulation of the parties or as a condition precedent to the granting of some favor by the court to one or other of the parties."

Also: American Jurisprudence, Vol. 1, pages 67 and 68, par. 76.

"At common law, personal rights of action die with the person. This principle is expressed in the maxim, '*Actio personalis moritur cum persona.*' The rule expressed in this maxim applies whether the death from an injury is instantaneous or not. This principle of law has never been

a favorite with the courts, and exceptions were engrafted upon it even before the rules were changed by statute."

Also: page 76, par. 95: "Causes of action for injuries to the person, or, as they are sometimes called, personal injuries, frequently are made by statute to survive. Such a statute includes negligent injuries. Under some statutes such a cause of action survives the death either of the person injured or of the tort-feasor; in others, the operation of the statutes is limited to the death of the injured person. * * * "

Also par. 92, par. 133: "At common law a cause of action for injury to the person does not survive regardless of the form in which it is brought and this is true although property is incidentally affected. This rule finds one of its chief applications in negligence actions. At common-law a cause of action for personal injuries resulting from negligence does not survive the death of either party. The English statutes passed in the reigns of Edward III and William IV, which modified the common-law rule respecting the survival of causes of action for injuries to real and personal property, did not change the common-law rules respecting the survival of the causes of action for injuries to the person. * * *"

If the plaintiff has a right to maintain this action, it must be done by virtue of some statutory enactment, as a right to recover for personal injuries at common law died with the person. It will be observed that the Legislature of Florida changed the common law as applied to personal injuries by the enactment of Section 4211 of the Compiled General Laws of Florida:

"4211. (2571.) SUITS FOR PERSONAL INJURIES.—All actions for personal injuries shall die with the person, to-wit: Assault and battery, slander, false imprisonment, and malicious prosecution; all other actions shall and may be main-

tained in the name of the representatives of the deceased. (Nov. 23, 1828, Sec. 30.)"

The question to be settled by this Court turns upon the construction of the above statute. The actions, viz.: assault and battery, slander, false imprisonment and malicious prosecution die with the person and all other personal injury actions, impliedly other than herein enumerated, do not die with the person. There is no indication of an intention to make any actions survive after the decease of one party and not survive after the decease of the other. In the use of the words "shall and may be maintained in the name of the representatives of the deceased," it is reasonable to assume that all actions, except the enumerated ones, are to survive and be maintained in the name of the representatives of the deceased.

This statute was construed in the suit of Jacksonville Street Ry. Co. v. Chappell, 22 Fla. 616, 1 Sou. Rep. 10. It was again considered in Jones v. Townsend, 23 Fla. 355, 2 Sou. Rep. 612, and Close v. Cunningham, 99 Fla. 1109, 128 Sou. Rep. 429; likewise, the Circuit Court of Appeals in the suit of Brill v. Jewett, 262 Fed. 935.

In the case of Waller v. First Savings & Trust Co., 103 Fla. 1025, 138 Sou. Rep. 780, being a suit by Waller against an Administrator of John Hodasz Estate for intentional injuries and damages to his dwelling house by placing a bomb underneath or near the residence and wilfully and intentionally destroying the same; and for pecuniary damages and loss by the explosion of a bomb inflicting thereby serious injuries to plaintiff's wife, which practically made her an invalid the remaining portion of her life. A demurrer by defendant was filed to the declaration and after due consideration was by the lower court sustained. A final judgment upon demurrer was entered against plaintiff and writ of error was sued out bringing the suit to this

Court and the said suit involved the identical question of the construction of Section 4211, *supra*. An exhaustive and able opinion was rendered by the late Justice Davis, when all previous decisions construing the statute, *supra*, were fully analyzed and considered. The Supreme Court in reversing the judgment of the lower court in said case used the following language:

"A majority of the Court have reached the conclusion that under the laws of Florida a right of action in tort for the recovery of purely compensatory damages for personal injuries caused by a tort feasor in his lifetime does not die with the tort feasor, but that such right of action which has accrued against the tort feasor in his lifetime, survives after his death, and that an action at law based thereon may be brought or maintained by the injured party against the personal representative of the estate of the deceased tort feasor for the recovery of compensatory damages out of the tort feasor's estate for the personal wrong and injury done. It is further held that if there is anything to the contrary to be implied from the previous holdings of this Court, such previous decisions to the extent that they conflict with the conclusions reached here, should be disapproved and modified to accord with the conclusions hereinbefore stated."

Mr. Justice Terrell filed a dissenting opinion, and concurred in by Mr. Justice Buford, in the suit of Close v. Cunningham, 99 Fla. 1100, 128 Sou. Rep. 429. The language of the dissenting opinion appears to be in harmony with the general trend of survival statutes of the nation. The following language was used:

"The sole question brought here for our consideration is whether or not under Section 2573, Rev. Gen. Stats. of 1920 (Section 4211, Comp. Gen. Laws of 1927) an action for personal injuries dies with the person, or may such an

action be revived and maintained in the name of the representatives of the deceased?

"Section 2575, Rev. Gen. Stats. of 1920 (Section 4211, Comp. Gen. Laws of 1927) is as follows:

" 'All actions for personal injuries shall die with the person, to-wit: assault and battery, slander, false imprisonment, and malicious prosecutions: all other actions shall and may be maintained in the name of the representatives of the deceased.'

"At common law the right of action to recover for personal injuries caused by the negligent act or omission of another did not survive the death of either party. The disposition of this cause below was based on Jacksonville Street Railway Company v. Chappell, 22 Fla. 616, 1 So. R. 10, wherein this Court deleted the words 'assault and battery, slander, false imprisonment, and malicious prosecution' from the foregoing statute and then applied the rule of the common law to it. I think that holding was erroneous. It cannot be gainsaid that the statute is ambiguous yet with all that I think it perfectly apparent that what the Legislature intended was, that any action for personal injuries predicated on assault and battery, slander, false imprisonment, or malicious prosecution should die with the person but that an action for personal injuries predicated on any other ground shall and may be maintained in the name of the representatives of the deceased. The statute in other words applies the common law rule to actions predicated on assault and battery, slander, false imprisonment, and malicious prosecution, but releases that rule as to all other personal injury actions including the one in the instant case.

."I think the purpose of the statute here brought in question was to enlarge the rule of the common law for the survival of actions for personal injuries. For the purpose of merely re-enacting that rule it was necessary. Section 71,

Rev. Gen. Stats. of 1920 (Section 87, Comp. Gen. Laws of 1927). This holding is not only supported by the better reasoning but it is in harmony with the trend of survival of statutes in this Country."

See: Michigan C. R. Co. v. Vreeland, 227 U. S. 59, 57 Laws Ed. 417, text p. 420, 33 Sup. Ct. Rep. 192; also par. 89 p. 74 and par. 92 p. 75, Vol. 1, American Jurisprudence.

It follows that the demurrer should be sustained to the petition, the rule nisi be discharged and the petition denied.

TERRELL and BUFORD, J. J., concur.

ELLIS, C. J., and BROWN, J., concur specially.

BROWN, J. (concurring specially).—I agree with Mr. Justice Chapman that the question discussed in the foregoing opinion was apparently settled by the reasoning contained in the opinion and decision of this Court in the case of Waller v. First Savings & Trust Co., 103 Fla. 1025, 138 So. 780. While the writer and the present Chief Justice of this Court dissented in the cited case, in which the very able majority opinion of the late Mr. Justice DAVIS prevailed, I regard its discussion in this case unnecessary. I concur with Mr. Chief Justice ELLIS that prohibition does not lie in this case. See Peacock v. Miller, 123 Fla. 97, 166 So. 212, and cases cited therein. I might observe, however, that in the Waller case, the concluding paragraph of the majority opinion seems to limit the application of that decision to cases where, as in the Waller case, the tortfeasor had died, and the decision is not necessarily conclusive in cases where as here, the injured party has died, before or pending the suit. However, the preceding paragraphs, and the reasoning of the opinion, are to the effect that Section 4211, as therein interpreted, means that all actions for personal injuries, other than those specifically enumerated in the Statute, shall survive the death of either

the tort-feasor or the injured party, and may be maintained in the name of the personal representative.

ELLIS, C. J. (concurring specially).—I concur in the conclusion reached in this case that the rule nisi be discharged and the petition for a writ of prohibition be denied upon the ground that it does not appear that the Circuit Judges of Hillsborough County have acted without their jurisdiction, even though it may be successfully contended that the holding of the Circuit Judges in the case of Sauls v. H. E. Wolfe Construction Company, *et al.,* that the cause of action survived and could be maintained in the name of the administrator of Sauls was erroneous. The principle upon which prohibition is granted is that the court whose action is complained of is acting without its jurisdiction, or is proceeding in excess of it.

The determination of whether an action for personal injuries does or does not die with the person or the tort feasor under Section 4211. C. G. L. 1927, is a matter within the jurisdiction of the Circuit Court to determine, and however it may be determined the decision may be made the basis of a writ of error. State v. Railroad Com'rs, 79 Fla. 526, 84 South. Rep. 444; State v. Board of Trustees, 102 Fla. 219, 135 South. Rep. 781; Joughin v. Parks, 107 Fla. 833, 143 South. Rep. 145, 147 South. Rep. 273, State v. Whitney, 66 Fla. 24, 63 South. Rep. 299; State v. Freeland, 103 Fla. 663, 138 South. Rep. 27.

In the latter case it was held by this Court that where the Court has jurisdiction and in exercising it goes beyond its legitimate powers prohibition will lie to restrain such court to its lawful powers in the premises.

It cannot be maintained successfully that the Circuit Judges in determining that the cause of action survived in this case and could be maintained in the name of the administrator of the injured person went beyond their legit-

imate power, nor could it be said on the other hand that if the court had decided that the cause of action did not survive and could not be maintained in the name of the administrator of the injured person its action would have been other than an erroneous one, even if this court is determined to depart from the principles laid down in the cases of Jacksonville Street Ry. Co. v. Chappell, 22 Fla. 616, 1 South. Rep. 10; Jones v. Townsend, 23 Fla. 355, 2 South. Rep. 612; and Close v. Cunningham, 99 Fla. 1109, 128 South. Rep. 429, wherein the Court construed Section 4211 C. G. L., 1927, which has been the rule in this State ever since its existence.

In the case of Waller v. First Savings & Trust Co., 103 Fla. 1025, 138 South. Rep. 780, the question presented was whether the demurrer to the declaration was well taken. The declaration was based upon a tort alleged to have been committed by a man named Hodasz, who, as it was alleged, by the use of a bomb injured the palintiff's house and inflicted injuries upon the plaintiff's wife.

The plaintiff, Waller, brought an action to recover damages for such tort against the First Savings & Trust Company, which had been appointed administrator of Hodasz' estate, who died after the commission of the alleged tort. The demurrer was interposed to the declaration by the de fendant corporation upon the ground that the cause of action against Hodasz abated at his death and did not survive against the defendant.

It will be observed that Section 4211 of the C. G. L. 1927 provides that all actions for personal injuries shall die with the person, "to-wit: Assault and battery, slander, false imprisonment, and malicious prosecution; all other actions shall and may be maintained in the name of the representatives of the deceased."

The action was not one for damages for personal in-

juries to Waller, but one in which he claimed compensation in damages not only for injuries to his wife, but for injuries to his dwelling house. The demurrer addressed to the entire declaration was obviously bad as that so much of the action as depended upon the injury to the plaintiff's dwelling did not die with the tort feasor, as the latter clause of Section 4211, *supra,* clearly indicates, even if it might be held that the action in so far as it depended upon injury to the plaintiff's wife was enforceable within the common-law rule as defined by the first clause of Section 4211, *supra.*

So much of the discussion therefore in the majority opinion as attacked the reasoning of this Court in the cases of a Jacksonville Street Ry. Co. v. Chappell, *supra;* Jones v. Townsend, *supra;* and in Close v. Cunningham, *supra,* in which this Court held that so much of Section 4211 as provided that "actions for personal injuries shall die with the person" was a mere restatement of the common-law rule was unnecessary and not essential to a determination of the question before the court.

Mr. Justice BROWN and I concurred in the conclusion reached upon the ground that the demurrer which attacked the entire declaration was bad, holding that an action for damages for injury to the plaintiff's property at least was not an action for personal injuries and the right to maintain it against the administrator was clearly preserved by the latter clause of Section 4211, *supra.*

Mr. Justice WHITFIELD wrote a concurring opinion in which he seemed to rely upon the case of Brill v. Jewett, 262 Fed. 935, but that was an action arising *ex contractu* upon a joint obligation where one of the obligors had died and the action was maintained against her administratrix. The case, in my opinion, is not analogous to the one at bar, and if there were any question as to the survival against

the administrator it was definitely covered by the latter clause of   Section 4211 C. G. L., *supra.*

The opinion in the case of Jacksonville Street Ry. Co. v. Chappell, *supra,* was prepared by Mr. Justice RANEY and concurred in by the other members of the Court.

Mr. Justice RANEY was a member of this Court from 1885 and continued so for approximately nine years.   During a large portion of the time he was Chief Justice.   He was at all times regarded as an able jurist whose carefully prepared opinions constitute a tower of light, kept bright by his excellent mind and constant labor, which has for more than fifty years illuminated the streets and alleys of our judicial ways.   I think his reasoning in the Jacksonville Street Ry. Case, *supra,* has never been answered.   Since the rendition of that opinion fifty years ago the Legislature of this State has been in session more than twenty-five times and it has not seen fit to change the rule of the common law as announced in that opinion in the interpretation of Section 4211, *supra,* which was first enacted in 1828, one hundred and nine years ago.

To change the rule is distinctly and entirely a legislative power and it is no part of the business of this Court to substitute its notion of what is a proper rule of conduct for the legislative will as expressed in its statutes and interpreted by this Court.   The Legislature must be charged with notice of the interpretation of the statute by this Court in 1886 and must therefore have been presumed to have been satisfied with it as a rule of conduct in that it has made no effort whatsoever to change the rule.

· The dictum contained in the opinion in the First Savings and Trust Company case should not be taken by this Court to overturn a rule of law that has obtained in this State for so long a time and met with the sanction of both legislature and court since then until 1931, when by a divided

court the argument in the opinion was seemingly indorsed which sought to overturn that long established rule.

I think, however, that any discussion in this case upon the interpretation of Section 4211, *supra,* and the opinions of this Court which have heretofore been mentioned is aside from the question, as the Circuit Court of Hillsborough County has clearly not exceeded its jurisdiction in determining the question in favor of those who contend that the cause of action survived and could be maintained in the name of the administrator.