MANN, Judge.
Roberta Forbes alleged that William Laumer for some years enjoyed her trust and that she invested her money on his advice, but that he defrauded her. She says that Laumer told her that a loan to Donald Plank would be a safe investment and that Laumer would repay money she had loaned him if she would in turn lend it to Plank. She did, and eventually, instead of owning a collectible note executed by Laumer, she owned what she claims is an uncollectible note executed by Mr. and Mrs. Plank, who, she says, have insufficient jointly owned property to satisfy a joint judgment. The trial judge dismissed her third amended complaint on the ground that she had not alleged exhaustion of her remedies at law against Donald Plank individually. Mrs. Forbes was granted ninety days within which to file amendments to her complaint *765 or a fourth amended complaint. This interlocutory appeal followed.
Perhaps the appellant took literally the following sentence from 4 Fla.Jur., Bills, Notes and Checks § 120: “The presumption is that when two or more persons sign a note the undertaking is joint and not several, unless the language used discloses a different intention,” citing Brill v. Jewett, 262 F. 935 (5th Cir. 1920). The first two headnotes preceding that opinion purport'to say what the writer of Florida Jurisprudence says the case stands for, but the case does not hold what the reader of Florida Jurisprudence is led to think. In fact the headnotes are taken, as headnotes often are, from prefatory remarks of Judge Walker. The case holds that a demurrer was improperly sustained to a complaint against the personal representative of one obligor on a joint note whose co-maker survived her. Thus it appears that the obligation, if joint, was not extinguished by death and Brill v. Jewett, supra, cannot be made to stand for the proposition erroneously carried into the headnote and from there to a widely read set of books.
We cannot repeat too often that head-notes are not holdings. We recognize that lawyers are busy people, but careful case analysis is required and frequently reveals the headnote to be a misleading guide to the holding of the court in a particular case.
It is true that the old statute, Fla. Stat. § 674.19 (1963), F.S.A. made a note reading “I promise” joint and several if signed by two or more persons, and made no specific mention of notes reading, as the Planks’ did, “We promise.” The Uniform Commercial Code makes it plainer that there is a several as well as joint liability in this situation. Cf. Fla.Stat. § 673.3-118 (5) (1967), F.S.A. with the earlier statute cited. But we think that the learned trial judge properly determined that Mrs. Forbes might enforce a judgment on the note against the Planks or either of them, unless there is some fact not pleaded which would show otherwise.
The trial judge correctly dismissed the complaint and correctly allowed ample time to correct the failure to allege the insufficiency of Mrs. Forbes’ legal remedies. The order appealed from is affirmed. The plaintiff should be allowed time to amend paragraph 20 of her third amended complaint or file a fourth amended complaint. The trial court is vested with ample jurisdiction to allow the cause to proceed to an equitable conclusion and to protect Laumer’s right to insist that the assets of Mr. and Mrs. Plank or either of them be first applied to the obligation, if it be determined as alleged.
Affirmed.
LILES, C. J., and HOBSON, J., concur.