BERANEK, Judge.
These consolidated appeals arise from two court orders, one in favor of the estate, and one in favor of the bank.
CASE NO. 82-1944
The bank filed a claim against the estate in the amount of $2,243,730.64, based upon *1146 a judgment that it had obtained in Connecticut against the decedent and five other joint and several debtors on a series of promissory notes. The estate filed an objection to the claim and the bank sued the estate in the circuit court civil division. It obtained an amended final judgment in the amount of $2,801,066.66, the increase being due to interest that had accrued. The value of the estate was $1,488,205.00 at the time of the decedent’s death.
After obtaining its judgment in the civil division for $2.8 million, the bank petitioned in the probate division for payment of the judgment. The estate did not dispute that it owed the amount of the judgment, but argued that the estate should be required to pay only a proportionate share of the debt at first and then pay the balance only after the bank had attempted to collect from the other joint and several debtors. The decedent was a 6%% partner in the partnership that had executed the notes. On August 18, 1982, the probate court entered its order requiring the estate to pay only an amount equal to approximately 6⅜% of the judgment and forcing the bank to attempt reasonable collection efforts from the other co-debtors before further pursuing the estate. The bank appeals this order.
CASE NO. 83-1802
While the above order was on appeal, the bank attempted to comply with the court’s order by pursuing the other co-debtors in Connecticut. It collected approximately $1.2 million from these co-debtors. The bank then requested this court to relinquish jurisdiction to allow the lower court to hear evidence on the bank’s collection efforts. After hearing this evidence, the trial court issued an order dated July 25, 1983, requiring the estate to pay over its assets to the bank reserving sufficient money for payment of other debts and all the administration expenses of the estate. The estate is appealing this order.
In Case No. 82-1944, the appellant bank argues that the trial court erred in requiring the creditor/bank to attempt collection efforts against the other joint and several debtors before collecting from the estate. We agree. It is axiomatic that the holder of a joint and several judgment is entitled to satisfy his judgment against any one of the judgment debtors. Forbes v. The National Rating Bureau, Inc., 223 So.2d 764, 765 (Fla. 2d DCA 1969). The estate concedes that it has a cause of action against the other joint and several debtors for any overpayment, but it submits that it is unfair to require it to pay the judgment and then seek contribution from the Other debtors. Although it is unfortunate that the estate must initially bear the brunt of the judgment, it was error for the trial court to grant relief to the estate of a joint and several debtor. The law does not bestow any special rights or privileges on an estate; it treats the éstate exactly as it would the debtor. Based on our ruling in the later case and at the bank’s request, we dismiss this case as moot.
In Case No. 83-1802, the estate appeals claiming there was no competent, substantial evidence to support the probate division’s ruling that the bank had shown reasonable collection efforts against the other joint and several debtors. We could affirm this case by holding that there was competent, substantial evidence presented to the probate division. However, whether the bank made reasonable collection efforts against the other debtors is immaterial as it should not have been required to do so. We affirm simply because the court has rectified its initial order by enforcing the judgment against the estate.
AFFIRMED AS TO CASE NO. 83-1802; DISMISSED AS TO CASE NO. 82-1944.
ANSTEAD, C.J., and WALDEN, J., concur.