509 So.2d 1035 (1987)
Joseph WHITEHURST, Jr., Plaintiff-Appellant,
v.
JAMES NOEL FLYING SERVICES and Piper Acceptance Corporation, Defendants-Appellees.
No. 86-772.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1987.
Rehearing Denied August 12, 1987.
Voorhies & Labbe, H. Lee Leonard, Keitha A. Leonard, Lafayette, for plaintiff-appellant.
Roy, Carmouche, Bivins, Judice, Henke & Breaud, H. Purvis Carmouche, Phillip E. Roberts, Lafayette, for defendants-appellees.
Sandoz, Sandoz & Schiff, William Sandoz, Opelousas, trustee in bankruptcy.
Before LABORDE, YELVERTON, JJ. and CULPEPPER, J. Pro Tem.[*]
CULPEPPER, Judge.
This is an action for declaratory judgment to determine plaintiff's rights under an installment contract to purchase an aircraft. The plaintiff, Joseph H. Whitehurst, Jr., appeals a judgment sustaining a motion for summary judgment made by the defendant, *1036 Piper Acceptance Corporation, and dismissing the plaintiff's action. We affirm.
The substantial issue is whether the laws of Florida or those of Louisiana apply to the contract. If the laws of Florida apply, plaintiff is bound jointly and severally with the other two co-owners to pay the entire balance due on the purchase price, but if the laws of Louisiana apply, plaintiff has only a several obligation to pay for his one-fourth interest in the aircraft.

FACTS
On January 2, 1981, Joseph Whitehurst, Jr., Edward Hannie, and Source Properties, Inc., signed a retail installment contract/security agreement to purchase an aircraft from James Noel Flying Service, Inc. In accordance with the contract, the agreement and title to the aircraft were subsequently assigned to Piper Acceptance Corporation, a Florida-based corporation. The contract provides:
"[T]his Agreement is subject to the provisions of the Uniform Consumer Credit Code in effect in the state where Buyer resides. Otherwise this Agreement shall be governed by the laws of the State of Florida."
The buyers were all residents of Louisiana, where the contract of sale was negotiated and signed and the aircraft kept.
Under the terms of the agreement, the buyers were to pay the balance of $525,483.84 in monthly installments of $6,255.76 each. The purchasers paid a down payment of $70,448.00 at the time of the sale. The plaintiff paid one fourth of the down payment.
On June 21, 1984, the plaintiff filed a petition for declaratory judgment seeking to establish that James Noel Flying Service, Inc. had three separate vendor's liens attaching to the aircraft, or alternatively, that the vendor's lien was divisible and therefore enforceable only to the extent of the ownership interest of each party. The plaintiff asserted that he and the other two buyers agreed to purchase the aircraft as co-owners with separate ownership interests; Whitehead, one-fourth, Hannie, one-fourth and Source Properties, Inc., onehalf. He further asserted that prior to trial he paid 81% of his 25% interest in the aircraft. The contract only shows the buyers as "co-owners" without stating any percentage.
Plaintiff's action against James A. Noel Flying Service, Inc. was stayed as a result of the company's bankruptcy, and on July 20, 1984, plaintiff amended his petition to name Piper Acceptance Corporation as an additional defendant.
On May 31, 1985, plaintiff filed a motion for summary judgment declaring his right to ownership of a one-fourth interest in the aircraft free and clear of any lien by Piper Acceptance Corporation. Piper Acceptance Corporation filed a cross motion for summary judgment on August 12, 1985, requesting that plaintiff's demand be dismissed.
The trial court granted judgment in favor of defendant, Piper Acceptance Corporation, and dismissed plaintiff's suit. In his reasons for ruling, the trial judge found that Florida law applied to the contract and that the plaintiff was bound jointly and severally (in solido under Louisiana law) with the other purchasers on the note held by Piper Acceptance Corporation.
Plaintiff appealed, asserting five assignments of error. The first two assignments concern the trial court's failure to consider the application of the Louisiana Consumer Credit Law (LCCL) to this contract. The trial judge held that the issue before the court, which was whether the buyers were severally liable under Louisiana law or were jointly and severally liable under Florida law, was outside the scope of the provisions of the LCCL.
The Louisiana Consumer Credit Law was enacted in 1972 and is based in significant part on the Uniform Consumer Credit Code (UCCC). Both acts provide for a system of laws relating to certain consumer transactions and establish rate ceilings on interest and finance charges. LSA-R.S. 9:3510 et seq.; UCCC 1.101 et seq. The record contains the affidavit of Herschel Adcock, the primary author of the LCCL, which states *1037 that the LCCL was drafted from the UCCC with only minor changes in rates and terminology.
Defendant asserts that the LCCL is not applicable to this contract, since the transaction does not fall within the statutory definition of a consumer credit sale. LSA-R.S. 9:3516(11) However, LSA-R.S. 9:3516(11) specifically provides that the parties to a contract other than a consumer credit sale may contract with one another to be subject to the provisions of the LCCL, notwithstanding any provisions of law to the contrary.
We agree with plaintiff's contention that the LCCL applies to the contract in this case, since the parties agreed to be bound by the provisions of the UCCC as adopted by the state of the buyers' residence. However, this ruling has no bearing on the trial court's judgment, since we also find that the issue of plaintiff's liability on the contract was outside the scope of the LCCL.
The contract specifically states that the agreement is subject to the provisions of the UCCC in effect in the state where the buyer resides. Otherwise, the contract is to be governed by Florida law. Nowhere in the LCCL is the type of liability of the parties to a contract provided, i.e., whether joint, several or in solido. The LCCL was designed to regulate consumer credit provisions, not issues of contract interpretation. In the latter case, general contract principles, as established by the state law governing the agreement, must be applied.
Plaintiff argues that under LSA-R.S. 9:3511, a consumer may not agree to waive the benefits of the LCCL by consenting to the jurisdiction of another state. In this case, however, the parties did not consent to the jurisdiction of another state. Jurisdiction is not an issue in this case. Instead, they specifically agreed to be bound by the law of another state in cases where the LCCL was inapplicable.
It is well established that where the parties stipulate the state law governing the contract, Louisiana conflict of laws principles require that the stipulation be given effect, unless there is statutory or jurisprudential law to the contrary or strong public policy considerations justifying the refusal to honor the contract as written. American Standard Leasing v. Plant Specialties, 427 So.2d 555 (La.App. 3 Cir.1983); Associated Press v. Toledo Investments, Inc., 389 So.2d 752 (La.App. 3 Cir.1980). A choice of law provision in a contract is presumed valid until it is proved invalid. The party seeking to prove such a provision is invalid bears the burden of proof. Delhomme Industries, Inc. v. Houston Beechcraft, 669 F.2d 1049 (5th Cir.1982).
Plaintiff has made no showing that the stipulation is invalid due to an express legislative or constitutional prohibition, or a showing that the purpose of the contract contravenes good morals or public interest. Delhomme, supra. Thus, we find that the trial court was correct in holding that Florida law applied in determining the respective liabilities of the purchasers.
Under Florida law, two or more parties who sign an instrument are presumed jointly and severally liable, unless otherwise specified. F.S.A. § 673.3-118; Deese v. Mobley, 392 So.2d 364 (Fla. 1st DCA 1981); Forbes v. National Rating Bureau, 223 So.2d 764 (Fla. 2d DCA 1969). Plaintiff contends that this rule is inapplicable to nonnegotiable instruments, such as the one involved in the present case. However, F.S.A. § 673.3-805 (see also LSA-R.S. 10:3-805) states that the Florida Uniform Commercial Code applies to any instrument "whose terms do not preclude transfer and which is otherwise negotiable within this Chapter but which is not payable to order or bearer." The UCC comment to § 3-805 specifically states that this section covers nonnegotiable instruments. Thus, plaintiff's argument is without merit.
Plaintiff's final contention is that the contract is usurious under Louisiana law, since the stated interest rate of 14% is in excess of the legal rate of 12%, thus the agreement is invalid. This argument is meritless, especially since plaintiff is attempting to claim the benefits of the LCCL, *1038 which specifically authorizes the imposition of charges in excess of the legal rate. LSA-R.S. 9:3519; R.S. 9:3520. Also, under LSA-R.S. 12:703, any debtor that is a domestic corporation or any person signing as co-maker for such corporation is prohibited from asserting a claim or defense of usury to an agreement. See also R.S. 9:3509. Because the plaintiff signed the contract as co-maker with Source Properties, Inc., a domestic corporation, he is precluded from raising any claim or defense based on usury. This argument is without merit.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed against plaintiff-appellant.
AFFIRMED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.