IN RE: ESTATE OF GREEN MITCHELL MOORE, deceased.

15 So. (2nd) 55                               June Term, 1943
September 21, 1943                               Division B

*Baxter & Clayton,* for appellant.

*J. Harry Schad,* for appellees.

THOMAS, J. :

This case reaches us on appeal from an order of the circuit court affirming one of the county judge directing the administratrix of the estate of Green Mitchell Moore to sue the Atlantic Coast Line Railroad Company for recovery of such "money [as] may appear to be due the administratrix . . . for the use and benefit of the widow and [three minor] children of the . . . deceased," on account of his death "by the alleged wrongful act of the said corporation."

Before the county judge's court issued a citation requiring the action to be brought, there had been presented to it, on behalf of the children, a motion for the increase of the administratrix's bond because she had represented at the time of her appointment that the estate was worth not more than one thousand dollars, but had subsequently received five thousand dollars from the Atlantic Coast Line Railroad Company "in connection with the accident and injury of the said Green Mitchell Moore, deceased." It was the evident theory of movants that the money received by the administratrix became part of the estate which was not then adequately protected by the original bond.

In her objections to the motion the administratrix stated that intestate was killed while employed by the railroad company and in such circumstances as to make it "liable for his death." She was his widow; the petitioners, her step children. She, individually, was paid the compensation for his injury and death, so she declared, as the only person entitled to it under the provisions of Sec. 7048 C.G.L. 1927 Sec. 768.02 Florida Statutes, 1941, F.S.A., but she admitted that the release and discharge was executed by her personally as well as administratrix. The instrument contained such a recital.

Ruling on the motion does not appeal in the transcript, but presumably it was denied for a few months later another was filed seeking an order directing the administratrix to show cause why she should not be removed. Whether a citation of this character was issued is not shown, but the day the motion was filed she was "commanded to institute suit at law as Administratrix . . . against the Atlantic Coast Line Railroad Company for damages to said Estate caused by the death of the said Green Mitchell Moore" or to explain her failure to do so. This variance between the order sought (for removal of administratrix) and the one obtained (directing institution of suit) does not seem materially to affect the question ultimately to be decided.

We will now, the better to discuss the real point involved, advert to the petition upon which the latter issued. Salient features of it were that intestate was injured by the negli-

gence of the company while employed by it "in Interstate Commerce," languished twenty-two hours during which period "cause of action reposed" in him. When he died, so it was alleged, this right vested in the personal representative of his estate. Sec. 4211, C.G.L. 1927, Sec. 45.11 Florida Statutes, 1941.

At this point it should be observed that no facts were given by petitioners to establish that the deceased was employed by the carrier in the interstate commerce and nothing even to indicate work of that kind save the bare statement we have quoted.

In her answer to the citation the administratrix, after traversing the averments of the petition, set out facts intended to show employment of that character was lacking.

At the conclusion of the hearing on the pleadings we have outlined the county judge entered the order we quoted at the outset. Costs and expenses of the contemplated action were to be borne by the guardian and next friend of the children and to be repaid from any fund that might be recovered as damages.

We are of the opinion that Section 4211 C.G.L. 1927, *supra,* cannot be relied upon to support the position that suit should be commenced by the administratrix in the first instance for the benefit of herself as widow and for the use of the children, as urged by appellees. No action for personal injuries had been brought by Green Mitchell Moore before he died, hence there was none to be continued by his representative afterwards and no question of abatement arose. We have carefully studied the original report of an act "enacted by the Governor and Legislative Council of the Territory of Florida" 21 November 1828. The full title was "An Act Regulating Judicial Proceedings." In Section 30 it was provided "that hereafter, all *actions* for personal injuries, shall die with the person," specifying certain ones, and that "all other *actions* shall and may be maintained in the name of the representatives of the deceased." We have furnished the italics. This part of the law is the same as Section 4211, *supra,* excepting punctuation and the use of a plural which do not affect the meaning. From the title and the subject matter

it is apparent that the Legislature intended to deal with abatement of actions pending for damages suffered by the plaintiff.

It is important to note here that under Section 7048 C.G.L., 1927 Section 768.02 Florida Statutes, 1941 F.S.A. to which we will presently refer, a plaintiff in a suit based on the negligent killing of another may recover damages peculiarly suffered by him (whether husband, minor child, dependent or administrator) "irrespective of the damages recoverable by the person . . . whom he . . . may succeed."

We think that in this case, so far as recovery under state law is concerned for damages occasioned others by the negligent killing of intestate, Sections 7047 C.G.L. 1927 Sec. 769.01. and 7048, *supra,* apply. These were originally portions of Chapter 3439, Laws of Florida, Acts of 1883, entitled "An Act Fixing the Liability of Persons and Corporations for Damages Resulting from the Death of any one Caused by the Wrongful Act, Negligence, Carelessness or Default of such Persons or Corporations, or the Agents thereof."

The circumstances of the injury and resulting death described in this record seem of the class contemplated by the Legislature when it enacted the former which now reads "Whenever the death of any person . . . shall be caused by the . . . negligence . . . of any . . . corporation . . . and the . . . negligence . . . is such as would, if the death had not ensued, have entitled the party injured thereby to maintain an action . . . and to recover damages in respect thereof, then and in every such case . . . the corporation . . . which would have been liable in damages if death had not ensued, shall be liable to an action for damages . . . notwithstanding the death of the person injured . . . ." Such actions, under the latter statute, "shall be brought by and in the name of the widow or husband." It is only when there is "neither widow nor husband, nor minor child or children" nor "persons dependent [for support] on such person killed" that the action may be maintained by the administrator. Here there was a widow; so any suit in the state court could not be instituted by the administratrix. Benoit v. Miami Beach Elec. Co., 85 Fla. 396, 96 So. 158.

Appellees insist also that suit in their behalf by the administratrix is authorized under the 1939 amendment of the Federal Employers' Liability Act, Sec. 51 Title 45, U.S.C.A., providing that "Every common carrier . . . while engaging in [interstate] commerce . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and. children of such employee . . ."

So far as the problem immediately under consideration is concerned the administratrix could under the act just quoted sue for the use of appellees. Of course success would depend not only upon proof of liability but also of the interstate character of the commerce in which the employee was at the time of injury engaged. In this task plaintiff would be aided by the provision following the ones quoted, that "Any employee . . ., any part of whose duties as such employee shall be the furtherance of interstate . . . commerce; or shall, in any way directly or closely and substantially, effect such commerce as above set forth shall, for the purposes of this chapter, be considered as being employed by such carrier in such commerce. . . ."

Thus, we believe that the administratrix as such could not be required to sue in the state court; that any action by her for the benefit of appellees could be prosecuted only under the federal act. Although the county judge did not specifically designate where the suit should be instituted, the circuit judge in his judgment of affirmance considered it "apparent from the Order in question that in the judgment of the county judge there is a reasonable probability that under the Federal Employers' Liability Act the administratrix may successfully maintain an action against the Railroad and recover something of value for the said minors. . . ."

There is an issue upon which the determination of this controversy may ultimately depend, but which, in the state of this record we cannot decide, id est, the effect of the release and discharge. The prospective defendant, the railroad company, is not a party to this litigation. Appellants have taken

the position that under state law the widow was entitled to the money paid by the company and that there was no right or obligation of the administratrix to sue, hence that the release and discharge, regardless of its phraseology was one from the widow, only. The appellees, on the other hand, insist that there is an obligation on the administratrix to sue for their benefit.

The question which we must leave suspended is obvious from the phraseology of the release and discharge. It may be argued that reference in it to the administratrix is surplusage, so far as any consideration of it in the light of state law is concerned, but when it is examined in connection with the federal statute a different situation is created, for if the administratrix can sue under that act can she not also execute a release from liability under it and would not this surplusage then become efficacious?

If eventually determined that there was in truth responsibility under the federal act and that minor children had an interest in the money already paid it would be necessary to determine the extent of that interest.

We have drawn attention to these complexities, despite reluctance to discuss matters not necessary to decision of the appeal, because minors are involved, the estate is small, the burden of a law suit may fall heavily upon the children who, according to the county judge's order, must bear it unless the administratrix succeeds and reimburses them from any money which she may recover.

So we affirm, commending to the county judge for his serious thought the questions which will, we think, unquestionably arise.

Affirmed.

BUFORD, C. J., BROWN and SEBRING, JJ., concur.