FORREST H. AKE and MITTIE AKE, joined by her husband, FORREST H. AKE, v. FLORENCE BIRNBAUM, as Executrix of the Last Will and Testament and Estate of Mary Birnbaum, deceased.

25 So. (2nd) 213                                    June Term, 1945
July 20, 1945                                          En Banc
Rehearing granted September 14, 1945.

*Paul W. Harvey, Harry T. Marks, Marks, Holt, Gray & Yates,* for appellants.

*Hull, Landis, Graham & French, J. Compton French* and *Howell, Roberts & Duncan* (Cleveland, Ohio), for appellee.

BUFORD, J.:

This is a suit by an executrix to recover in her representative capacity for damages accruing to her decedent by reason of the loss and injury to the estate by reason of the gross negligence of the defendant in the operation of an automobile in which the decedent was riding as a guest.

Appellant poses six questions based on assignment of error.

The first question challenges the sufficiency of the evidence to establish gross negligence on the part of the defendant.

To delineate the testimony of the several witnesses here can serve no useful purpose. It is sufficient to say that there is substantial evidence shown by the record to establish gross negligence on authority of our opinion and judgment in Gittleman v. Dixon et al., 148 Fla. 583, 4 So. (2nd) 859; Cormier v. Williams, 148 Fla. 201, 4 So. (2nd) 525; Wharton v. Day, 151 Fla. 772, 10 So. (2nd) 417.

The Second Question is:

"When in a suit for personal injuries under the Guest Statute resulting from automobile accident this Court has held the accident was not the result of gross negligence, is not that holding stare decisis in another suit involving the same accident and the same state of facts?"

This question has reference to our opinion and judgment in the case of Cozak et al. v. Ake et al., 147 Fla. 508, 3 So. (2nd) 120. In that case the same accident was involved and the verdict of the jury was for the defendant. This court approved the verdict and judgment for the defendant on the record in that case. However, an examination of the record of testimony in that case and the record of the testimony in the instant case reflects that the records in this regard are not identical and, therefore, what was said in that other case does not control in this case. The record of the evidence in this case is much stronger in behalf of the plaintiff and we cannot say that the evidence so preponderated in favor of the defendant or that the plaintiff so failed to prove the allegations of the declaration that the verdict of the jury approved by the trial court in denial of motion for a new trial should be set aside, especially in view of the provision in our Guest Statute, 320.59 Fla. Stats. 1941 (same F.S.A.) that, "provided that the question of issue of negligence, gross negligence and wilful or wanton misconduct and the question of proximate cause and the issue or question of assumed risk shall in all cases be solely for the jury." See Nelson v. McMillan, 10 So. (2nd) 656, 151 Fla. 847.

The Third Question challenges the propriety of admitting in evidence a duly authenticated document from the State of Ohio purporting to be letters appointing the plaintiff as Executrix of the estate of the deceased. The objection was upon the ground that the document did not have attached thereto a copy of the will of deceased. We must hold that the document introduced was sufficient to show that the plaintiff was the duly appointed Executrix of the will and, therefore, showed prima facie authority to maintain suit.

The Fourth Question challenges the action of the Court in refusing to give a requested charge. We find no error in the refusing of giving of this charge, which was in the following language:

"Whether the plaintiff gave Mittie Ake $1 each as their proportional share of the expenses of the trip to pay for gasoline and oil used in the automobile they were traveling in, they remained the guests of Mittie Ake and neither of them may recover damages unless they establish gross negligence of the owner or operator of the car which proximately resulted in the injuries and damages sustained."

This is true because the Court had fully and clearly charged the jury in effect that for the plaintiff to recover she must establish by evidence gross negligence on the part of defendant.

It may be that upon proper motion the court should have excluded the evidence tending to show the payment of the expenses of the trip but admitting of this evidence was not made a ground of assignment of errors and we think that if its admission was error it was not harmful error in the light of the pleadings and the charge of the court.

The Fifth Question is as follows:

"Did not the Court err on the morning the trial commenced in permitting an amendment to the declaration which changed completely the claim relied upon; and having permitted the amendment, should he not have permitted the defendants to file appropriate pleas of the statute of limitations?"

This question appears to be based on an erroneous premise. It is contended that the amended declaration submitted on the

date of the trial to-wit, on May 17th, 1944, by striking out the word "died" and inserting in lieu thereof the following: "The said Mary Birnbaum suffered severe physical pain, mental anguish and nervous shock and was confined in a hospital for a long period of time and incurred large expenses for hospital, medical and nurses care prior to her death" constituted the stating of a new cause of action not theretofore pleaded and was barred by the statute of limitations.

The record shows that on December 6th 1939, the plaintiff had, by leave of court, filed an amended declaration in which it was alleged: "and that by reason of said injuries and approximate result thereof, the said Mary Birnbaum suffered severe physical pain, mental anguish and nervous shock and was confined in a hospital for a long period of time and incurred large expense for hospital, medical and nurses care prior to her death, towit on the 26th day of November, 1938." And further alleged: "That the said Mary Birnbaum, deceased, prior to the time of her death, had a cause of action against the defendants herein for damages caused by virtue of the gross negligence of the defendant Mittie Ake heretofore referred to and that such cause of action has survived and is now enforceable by plaintiff as Executrix of the estate of said deceased."

So the pleadings upon the face showed that the plea of the statute of limitations was not applicable and there was no error in the denying the defendant of the privilege of filing such plea.

The Sixth Question challenges the verdict as being excessive. Sec. 45.11 Fla. Statutes, (same F.S.A.) is as follows:

"Abatement by death or change of parties; personal injuries—All actions for personal injuries shall die with the person, to-wit: Assault and battery, slander, false imprisonment, and malicious prosecution; all other actions shall and may be maintained in the name of the representatives of the deceased."

So it is that all actions except for assault and battery, slander, false imprisonment and malicious prosecution enforceable by a claimant prior to the death of such claimant

survive and may be enforced by the legal representative of the deceased.

We have held, however, in F.E.C. Ry. Co. v. Hayes, 67 Fla. 101 64 So. 504, 7 A.L.R. 1310.

"Under the statute the damages that may be recovered by the administrator of a person for the wrongful death of the decedent do not include and have no relation to physical or other suffering of the decedent or his relatives, or to the claims of anyone for present or future support or colatium. The administrator may recover only the present monetary worth of the decedent's life to an estimated prospective estate to compensate for the estate that the decedent probably would have accumulated to leave at his death."

See also Fla. E. Coast Ry. Co. v. Roberts, 111 Fla. 278, 149 So. 631; Miami Dairy Farm, Inc. v. Tinsley, 115 Fla. 654, 155 Sou. 850; Coon v. Atlantic Coast Line R. Co., 125 Fla. 240, 171 So. 207; same, 125 Fla. 490, 171 So. 207; Potts et al. v. Mulligan, 141 Fla. 685, 193 So. 767. 15 Am. Juris. Secs. 99, 100, 101.

The record shows that the injury occurred on the 16th day of November, 1938, and it further shows that Mary Birnbaum died on the 26th day of November of the same year. Therefore, she lived and suffered only ten days. Her·hospital expense was $390.67 and the other expenses were $658.00, making a total of $1,048.67. The verdict was for $7,500.00 which left $6,451.33 apparently assessed by the jury for mental and physical pain and suffering experienced by Mary Birnbaum as a result of the injury and prior to her death. To this extent the verdict was excessive.

This could not be a survival action under sections 45.11 and 45.12 Fla. Statutes 1941 (same F.S.A.), because there was no action pending at the time of the death of the injured person.

Therefore, if the plaintiff shall enter a remittitur in the sum of $6,451.33, the judgment will stand affirmed in the sum of $1,048.67 as of the date thereof; otherwise, the judgment shall stand reversed and a new trial awarded.

It is so ordered.

TERRELL, BROWN, THOMAS, ADAMS and SEBRING, JJ., concur.

CHAPMAN, C. J., concurs in part and dissents in part.

CHAPMAN, C. J.:

I am in accord with the views expressed by Mr. Justice BUFORD except as to question No. 6 posed for adjudication, viz, Is not a verdict for $7,500.00 excessive when no claim is made for wrongful death and the only damages claimed are for expenses and pain and suffering during a period of approximately one week?

The issues were presented in the lower court under the first count of plaintiffs' re-amended declaration and a plea of not guilty and other pleas denying certain material portions of the re-amended first count of the declaration. The re-amended first count of the declaration is drawn under Section 20.59, Fla. Stats. 1941, recognized as our guest statute. Appellants' brief on page 16 recites: "Plaintiff did not attempt to seek a recovery because of the wrongful death of Mary Birnbaum." Appellee's brief, at page 25, recites, "at no time did this count (meaning first count of plaintiffs' re-amended declaration) seek a recovery for wrongful death. From its inception it was a survival action and it remained such."

The bill of particulars made a part of the re-amended first count of plaintiff's declaration is viz:

"To Hospital expenses in Halifax District Hospital $ . 390.67
To Six blood transfusions at said Hospital............ 150.00
To Nursing bills ............ 133.00
To Doctor's expenses for professional service ...... 365.00
To ambulance bill ............ 10.00
To physical pain, mental anguish and nervous
    shock ............ 23,951.32
                                                    ――――――
                            TOTAL    $25,000.00"

Section 768.03, Fla. Stats. 1941, permits recovery for a wrongful death. An item of recovery is pain and suffering. This statute has been sustained so many times that citation of cases is not necessary. The case at bar was brought under

Section 768.03, *supra,* but under Section 320.59, *supra,* commonly known as our guest statute. Counsel of record and the trial court are in accord on this point. It is a survival and not a wrongful death action.

The case of McDougald v. Imler, 153 Fla. 619,15 So. (2nd) 418, was a suit brought under the guest or gross negligence statute (Section 320.59, F.S. 1941). Lee M. Couey was a guest of Earl Rains in an automobile traveling from High Springs, Florida, to Gainesville and return, and the car was driven at an excessive, reckless and dangerous speed, and Couey was thrown from the automobile and injured. Couey brought suit and the case came here three times. See McDougald v. Couey, 145 Fla. 689, 200 So. 391; McDougald v. Couey, 150 Fla. 748, 9 So. (2nd) 187. Pending the second appeal Lee M. Couey died and his daughter, Ruby Mae Imler, was appointed administratrix of Couey's estate and substituted as plaintiff in the cause.

The amended declaration claimed damages for permanent injuries sustained; incapacity to work because of the injuries, "and he (the deceased) suffered great physical pain and mental anguish and suffering." The trial court on the question of pain and suffering charged the jury viz:

"In arriving at that compensation, you are entitled to take into consideration such bodily pain and suffering as the said Lee M. Couey may have sustained because of such injuries from the time of the accident until the date of his death. You should take into such consideration his sex, his station in life, his earnings at the time of such injuries, his health just prior to and at the time of such injuries, and the effect upon his health due to such injuries alleged; his earning capacity and health from the time of such injuries until the date of his death . . . "

On the last appeal here, in affirming the judgment, we in part said (text 153 Fla. 621-22) :

"It is next contended that the verdict of $5,000.00 as found by the jury and approved by the trial court when entering an order denying the motion for a new trial is excessive. The plaintiff was 68 years of age when he was hurt; his earning capacity ranged from $25.00 to $32.00 per

month prior to being injured; his injuries wholly incapacitated him from earning any sum of money and he was confined to his bed approximately two-thirds of the time after being hurt until his death, which occurred three years and thirty days after receiving his injuries. He sustained a right fracture of the skull; the right shoulder in the posterior region of the back was fractured; his right ankle was sprained and lacerations were on his right leg. The doctors and hospital bills amounted to $261.55, while the loss of earnings on the part of the late Mr. Couey, as calculated by counsel for appellee, came to $1,184.00, total amount $1,445.55. We fail to find in the record proof of expenditures for nursing and medicine. Pain and suffering as fixed by the jury and trial court approximated $3,500.00. We think this amount is excessive. It is our view that the amount of recovery should not exceed the sum of $3,000.00."

Independently of statute, it is the general rule in Florida and by weight of authority that mental pain and suffering as a direct and necessary consequence of a physical injury is an element of damages recoverable by an *injured person*. The mental pain and suffering must be such as accompanies the physical injury and is fairly and reasonably the natural consequence which flows from it. See Smith v. Bagwell, 19 Fla. 117, 45 Am. Rep. 12; Harby v. F. E. C. Hotel Co., 59 Fla. 280, 52 So. 193; Grainger v. Fuller, 72 Fla. 57, 72 So. 462; Warner v. Ware, 136 Fla. 466, 182 So. 605; Toll v. Waters, 138 Fla. 349, 189 So. 393; 25 Corpus Juris Secundum 552-3, par. 65, and cases cited in the foot notes; 15 Am. Jur. 481, par. 72, and cases cited in the foot notes.

Likewise our recent holding in McDougald v. Imler, *supra,* is sustained by the weight of authority and is in line with rulings in other jurisdictions. See 15 Am. Jur. 511, par. 101, and cases cited; 25 C.J.S. 550, par. 63, and cases cited; Southerland on Damages, Vol. 1 (4th Ed.) pp. 26-27, par. 7; Shearman and Redfield on Negligence, Vol. 4 (Rev. Ed.), pp. 1868-1883, pars. 819-830. I feel that the claim for pain and suffering was a jury question controlled by appropriate instructions by the trial court and that reversible error has not been made to appear. See Wharton v. Day, 151 Fla. 772, 10

So. (2nd) 417. I think the judgment herein should be affirmed.

ON REHEARING GRANTED

SEBRING, J.:

By a former decision rendered on this appeal this court affirmed a judgment of the lower court awarding damages to the personal representative of a deceased person who had received injuries caused by the negligent acts of one of the defendants, resulting in her death. At the time the opinion was rendered a majority of this court was of the opinion that the cause of action upon which the plaintiff was suing was maintainable only under the death by wrongful act statute, and that therefore damages for physical pain and suffering of the decedent prior to her death were not recoverable in the action. See original opinion filed July 20, 1945, 156 (Fla) 760, 25 So. (2nd) 225. By petition for rehearing the plaintiff below has asked us to reconsider our opinion in the matter, and a rehearing has been granted.

The facts upon which the question now before the court arises are not complicated, and will be stated briefly. On November 16, 1938, Mary Birnbaum was riding as an invited guest in an automobile that was being driven by Mittie Ake, one of the defendants. During the course of travel the automobile was operated in such a manner as to cause it to overturn and Mary Birnbaum was fatally injured. She died ten days after the accident as a result of the injuries inflicted, without in the meantime having instituted suit against the operator of the automobile. Shortly after her death her personal representative brought suit against Mittie Ake and Forrest H. Ake, her husband, to recover damages resulting from the alleged grossly negligent operation of the automobile.

The first declaration in the suit appears to have been framed under the death by wrongful act statute of our state which gives a right of action to certain classes of persons whenever the death of any person is caused by the wrongful act, negligence, carelessness or default of another, notwithstanding the death of the person injured. See Secs. 768.01-768.02 Florida Statutes, 1941. We think this a fair assump-

tion because the declaration contains allegations material only to a cause instituted under the death by wrongful act statute and claims items of damages some of which at least are recoverable only under such statute, and it is hardly to be supposed that a skilled pleader will plead facts or make demands in a pleading which are wholly foreign to the basic theory of the case upon which he is proceeding. To make the point plainer, the pleader, after alleging in his original declaration the facts deemed to have constituted the gross negligence of the defendant under the automobile guest statute (Sec. 320.59 Florida Statutes 1941) averred that death resulted proximately thereby; that decedent left surviving no husband, minor child or children, or person or persons dependent on such person killed for support; that plaintiff was the duly appointed and acting executrix of the last will and testament and estate of deceased; and that said estate had lost the increase in the value of which estate as would have accrued had not the gross negligence of the defendant, Mittie Ake, resulted in the death of decedent. The damages claimed in the bill of particulars are for hospital expenses, blood transfusions, nurses and doctors hire, undertaker's charge, cost of cemetery lot, shipping charges for transportation of the body to place of burial, and "loss of services and value in estate of Mary Birnbaum."

Approximately four months after the filing of the original declaration the defendants consented that the plaintiff might file two additional counts to the declaration, which was done. These additional counts apparently departed from the wrongful death theory upon which the original declaration was bottomed and proceeded upon a "survival of the original action" theory; that is to say, that Mary Birnbaum had a cause of action against the defendants prior to her death by virtue of the gross negligence of the latter, and that said cause of action survived her death and was maintainable by her personal representative. See Sec. 45.11 Florida Statutes, 1941.

Something more than four years went by after the filing of these two counts, during which time the suit apparently lay in abeyance—at least no great effort to bring the cause to

issue is shown by the record. And then, on April 14, 1944, the plaintiff gained leave of court to file a pleading styled "second reamended declaration." This declaration proceeded exclusively upon the "survival of original action" theory but claimed as the only item of damage "loss of services and value in estate of Mary Birnbaum, $25,000,'" an item, by the way, which, though recoverable by an administrator entitled to sue under the wrongful death statute, is not recoverable by an administrator maintaining a suit under our survival of action statute.

The cause came on for trial on May 17, 1944 on the first count of the second reamended declaration of April 14, 1944 and certain pleas addressed thereto. On the trial date, but before the jury was sworn, the plaintiff asked and procured leave of court to amend the second reamended declaration still further, and to file a new bill of particulars in support of the action.

The amended second reamended declaration upon which the parties finally got to trial alleged the facts constituting the alleged gross negligence of the defendant and that decedent was injured thereby. It contained the averment that decedent died on November 26, 1938, but was silent as to cause of death. It alleged the fact of the appointment of the plaintiff as the executrix of the last will and testament and estate of the decedent but it failed to exclude the existence of a surviving husband, minor child or children, or person dependent upon decedent for support, without which showing there can be no cause of action in the personal representative of the decedent under the death by wrongful act statute. Duval v. Hunt, 34 Fla. 85, 15 So. 876; Benoit v. Miami Beach Electric Co., 85 Fla. 396, 96 So. 158. Finally it alleged that decedent prior to her death had a cause of action against the defendants for injuries occasioned by gross negligence, and that the cause of action survived the death of decedent and became enforceable by her personal representative. The bill of particulars in support of this declaration claimed damages for "loss of services and value in estate of Mary Birnbaum," hospital expenses, blood transfusions, nurses and doctors hire, ambulance charges, and physical pain, mental anguish and nervous shock to deceased.

During the various stages of the pleadings, therefore, there was presented by the plaintiff's pleadings, first, a claim for recovery under the death by wrongful act statute; secondly, a claim under both the death by wrongful act statute, and the survival of action statute; and finally a claim under the latter statute alone. So far as appears from the record, but one objection was ever made by the defendants to this course of procedure, and that, on April 14, 1944, at the time the second reamended declaration was filed. On that date the defendant tendered pleas addressed to said declaration to the effect that the cause of action stated in such pleading departed from the theory of the original cause of action and hence was barred by the three and four year statutes of limitation. The court refused to allow the pleas to be filed. This was a proper ruling, for even though the second remanded declaration did state a cause of action entirely different in theory from that expressed in the original declaration of August 3, 1939, such declaration did not depart from the theory of the case stated in the additional counts of the original declaration which were filed in the suit on December 6, 1939, with the consent of the defendants. Therefore, it could not be said that more than three years had elapsed between the time of the injury to or death of the decedent and the filing of the declaration on the survival of action theory, or that that period of time had elapsed between the time that the first declaration was filed and another different cause of action was projected into the litigation.

Upon these facts we are asked to determine the following question on rehearing: Where a person sustains physical injuries occasioned by the negligent act of another, and such injured person ultimately dies from the injuries inflicted, without having in the meantime instituted suit against the tort feasor, may the personal representative of the deceased institute and maintain suit against the tort feasor for damages to the decedent, or does the original cause of action die with the injured person or become merged in the action which our wrongful death statute authorizes to be instituted by certain expressly enumerated classes of persons for the recovery of damages for the wrongful death of the person killed?

Section 45.11 Florida Statutes, 1941 provides: "All actions for personal injuries shall die with the person, to-wit: Assault and battery, slander, false imprisonment, and malicious prosecution; all other actions shall and may be maintained in the name of the representatives of the deceased." By a line of decisions commencing in 1931 with Waller v. First Savings & Trust Co., 103 Fla. 1025, 138 So. 780, and continuing to the present day, this court has construed the statute, so far as its interpretation has been called in question by the particular facts of the cases presented, to mean that except for causes of action for assault and battery, slander, false imprisonment and malicious prosecution, all actions or causes of action in tort for the recovery of purely compensatory damages survive the person and may be brought or maintained by the injured person against the tort feasor or his personal representative. The court has also decided that where the injured person dies during the pendency of a suit instituted by him against such tort feasor or his personal representative, the personal representative of the decedent may be substituted as party plaintiff to maintain the suit, thus saving the case then pending from becoming abated. See Waller v. First Savings & Trust Co., supra; State ex rel. Wolfe Const. Co. v. Parks, 129 Fla. 50, 175 So. 786; Kahn v. Wolfe, 151 Fla. 863, 10 So. (2nd) 553. But so far as we can find, the court has never been called on to pass squarely upon the proposition whether the personal representative of an injured person who has died before the institution of his suit against the tort feasor may thereafter institute suit on the cause of action and recover the damages which deceased could have recovered had he lived and maintained the action.

The original opinion in this case was decided with the view that such course could not be pursued and that under such a situation our death by wrongful act statute afforded the only remedy available to any person for redress of the wrong and the damages suffered by anyone as a result of the injury inflicted upon the decedent. As it was said in the opinion, "This could not be a survival action under sections 45.11 and 45.12 Florida Statutes 1941, because there was no action pending at the time of the death of the injured person."

This expression of the court was but another way of declaring that under the facts of the case disclosed by the record recovery must be had under the death by wrongful act statute, or not at all. Upon a reconsideration of the matter, however, we doubt the soundness of the conclusion reached in our original opinion, and have determined to re-examine the question to see whether or not we have erred.

When physical injury has been done a person by the tortious acts of another person and the injury ultimately causes death two rights have been *violated*. One is the common law right of the injured person to be secure in his person and his property—a right which has been invaded by compelling such person to endure pain and suffering and to submit to loss of earnings and other pecuniary losses. The other right violated is the right which the family of the deceased had to the companionship, services or support of the decedent, coupled with the expectancy of a participation in the estate which such person might have accumulated had his life not been brought to an untimely end by the infliction of the injury. Two separate and distinct rights or interests have thus been infringed upon by the act of the tort feasor, resulting in damage to such separate rights and interests. The common law afforded no redress for the infringement of either right in case the injury brought about the death of the injured person; for it was the rule of the common law that the tort died with the person. However, under statutes now enacted in virtually every jurisdiction redress is given for the invasion of both interests. In some of the states full redress for all wrongs suffered by all persons, or classes of persons, as a result of the wrongful invasion of legal rights may be had under the wrongful death statute. In other states, in order to obtain full redress to all injured parties, recourse must be had both to the survival of action statute and the death by wrongful act statute of the particular jurisdiction. What is the situation in Florida?

Our death by wrongful act statute provides that "Whenever the death of any person in this state shall be caused by the wrongful act, negligence, carelessness or default of any individual . . . and the act, negligence, carelessness or default

is such as would, if the death had not ensued, have entitled the party injured thereby to maintain an action . . . and to recover damages in respect thereof, . . . the person . . . who would have been liable in damages if death had not ensued, shall be liable to an action for damages . . . notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to a felony. . . . Every such action shall be brought by and in the name of the widow or husband, as the case may be, and where there is neither widow nor husband surviving the deceased, then the minor child or children may maintain an action; and where there is neither widow nor husband, nor minor child or children, then the action may be maintained by any person or persons dependent on such person killed for a support; and when there is neither of the above classes of persons to sue, then the action may be maintained by the executor or administrator, as the case may be, of the person killed. . . . and in every such action the jury shall give such damages as the party or parties entitled to sue may have sustained *by reason of the death* of the party killed; . . . " (Italics supplied). See Secs. 768.01-768.02 Florida Statutes, 1941.

It will be observed that the statute gives a right of action to certain statutory beneficiaries for the recovery of damages suffered *by them by reason of the death* of the party killed; but it makes no provision for the recovery of the damages suffered *by the injured person by reason of the injury inflicted upon him.* Nor was the death by wrongful act statute ever intended to afford such remedy. It was not the purpose of the statute to preserve the right of action which the deceased had and might have maintained had he simply been injured and lived; but to create in the expressly enumerated beneficiaries an entirely new cause of action, in an entirely new right, for the recovery of damages suffered by *them,* not the decedent, as a consequence of the wrongful invasion of *their* legal right by the tort feasor. See Florida East Coast Ry. v. McRoberts, 111 Fla. 278, 149 So. 631, 94 A.L.R. 376; Duval v. Hunt, 34 Fla. 85, 15 So. 876; Florida Cent. & P. R. Co. v. Foxworth, 41 Fla. 1, 25 So. 338, 79 Am. St. Rep.

149; Florida East Coast Ry. Co. v. Hayes, 67 Fla. 101, 64 So. 504. This being the effect of the death by wrongful act statute, it is readily apparent that unless our survival of action statute (Sec. 45.11 Fla. Stat. 1941) supplies a remedy for the wrongful invasion of the legal right of the person who has suffered the physical injury the wrong must go unredressed—a result certainly not in keeping with the purpose of this type of legislation.

As construed by our decisions, our survival of action statute (See. 45.11 Fla. Stat. 1941) provides for the *survival* of the cause of action of an injured person in case of his death, and the statute says that such cause of action "shall and may be maintained in the name of the representatives of the deceased." We find nothing in the statute to disclose an intention on the part of the legislature to limit the application of the statute only to cases pending at the time of the death of the injured person. If we were to ascribe to the legislature an intention to so limit the effect of the statute, then there would exist in this state the anomalous situation of the statutes (1) authorizing the institution of suit by an injured person against the tort feasor or his personal representative; (2) authorizing the continuation of such suit to judgment by the personal representative in case the wronged party died pending his suit; (3) granting to statutory beneficiaries under the wrongful death statute the right to bring suit against the tort feasor upon a *new* cause of action for the recovery of damages *they* may have sustained by reason of the *death* of the person killed; (4) yet denying to the personal representative of the injured person who has come to his death as a result of the injury, the right to sue upon the cause of action of the injured person—a cause of action which, under the decisions survives the death of such person —upon the ground that such cause of action had become extinguished simply because of the failure to put it in suit prior to the decease. We can not believe that such illogical consequences were intended.

We hold, therefore, that except as to those torts which section 45.11, supra, provides shall die with the person, full redress for the wrong *done the injured person* may be ob-

tained by the personal representative, in those cases where the injured person has not pursued his cause of action to final judgment; and this without regard to whether suit is or is not pending on the cause of action at the time of the injured person's decease. Any statement in In Re Moore's Estate, 153 Fla. 480, 15 So. (2nd) 55, that may seem to the contrary are hereby expressly overruled. Moreover, to fully settle the whole issue before us, we think it not inappropriate to observe that under section 45.11 supra, the cause of action of the decedent survives to the personal representative regardless of whether the death of the decedent is due to the injuries inflicted or arises from a cause wholly unconnected with the negligent conduct of the tort feasor.

From the conclusion reached it follows that we must now recede from so much of our former opinion and judgment as holds that the cause of action involved may not be prosecuted under our survival of action statute, and that damages for physical and mental pain and suffering of the deceased occasioned by the negligence of the tort feasor, prior to her death, are not recoverable in the action. In all other respects the former opinion and judgment of this court is adhered to.

The testimony in the record shows that Mary Birnbaum lived for a period of ten days after her fatal injury. The jury has awarded a verdict of $7,500, the sum of $6,451.33 being apparently allowed for the physical and mental pain and suffering of the deceased during her lifetime. A majority of the court are of opinion that such award for pain and suffering is excessive, and that a new trial should be awarded on the question of damages only; in all other respects the judgment appealed from should be affirmed.

It is so ordered.

CHAPMAN, C. J., TERRELL, BUFORD and ADAMS, JJ., concur.

BROWN and THOMAS, JJ., dissent.

### ON REHEARING GRANTED

BROWN, J., dissenting:

As shown by our previous opinion, it was the then view of the majority of the court that under the pleadings and facts

in this case, the recoverable damages were governed by the wrongful death statute, Sections 768.01, 768.02, Florida Statutes 1941, as construed in a number of our previous decisions, which were cited. But it is contended by appellee that the declaration was so amended that the plaintiff administratrix only claimed damages for the pain and suffering endured by plaintiff's testatrix, and the expenses incurred by her before her death, as a result of defendant's gross negligence, and that no damages were claimed for wrongful death, as had been done in prior pleadings. The evidence shows that plaintiff's testatrix suffered great pain during the ten days following the injuries which resulted in her death.

The general rule is, as it was at common law, that causes of action which are not assignable, do not survive, and that in the absence of statute, causes of action for torts causing injuries which are strictly personal, are not capable of being assigned and do not survive.

The cause of action and the remedy sought are entirely different matters. The one precedes and gives right to the other, but they are separate and distinct and are governed by different rules and principles. Many authorities define a cause of action as being the fact or facts which give rise to a right action. An action is deemed to be pending from the time it is commenced and until its final determination.

The general rule, as I understand it, is that a personal injury caused by a single tortious wrongful act of negligence is an entirety and affords grounds for only one action, and cannot be split up in order to bring separate actions for different elements of damages; and that where the injury causes death, the death by wrongful act statute affords the *exclusive remedy*. Of course under the statute, new Sections 768.01 and 768.02 F.S. 1941, the personal representative cannot recover damages for the pain and suffering endured by the deceased, before death ensued, as a result of the wrongful act. Such pain and suffering was personal to the deceased, though it may have caused his or her family and relatives mental pain to witness it. But there is something synthetic unrealistic and unreasonable to my mind to hold that an executor or administrator can disregard the death by wrong-

ful act statute and sue to recover for the pain which the deceased *personally* suffered before death ensued and which in no wise affected the value of her estate, especially where no action had been brought by the deceased before such death. Surely such pain and suffering did not in any wise diminish the value of the estate of the deceased, nor could an action brought by her executrix after her death in any way compensate the deceased for the pain and suffering which she and she alone endured. No "storied urn, nor animated bust [can] back to its mansion call the fleeting breath;" nor can an action for damages for her pain and suffering, brought by her executrix, compensate the deceased for what she endured before her death. It was an element of damages personal to her.

But it is claimed that the death by wrongful act statute can be disregarded, and an action brought under section 45.11 F.S. 1941. This statute comes down to us from section 30 of an act adopted in 1828. It was first construed in Jacksonville St. Ry. Co. v. Chappell, 22 Fla. 616. In the able opinion of Mr. Justice Raney in that cause it was held that under the common law, and under the statute, an action in tort to recover damages for personal injuries abated on the death of the plaintiff, and could not be revived by his personal representative. It was next construed in Jones et al. v. Townsend, Admx., 23 Fla. 355, which held that an action for libel died with the person, and that there was nothing in the statute which changed the common law so as to make any right of action survive to the personal representative which did not survive at common law. These cases were cited with approval in the case of Close v. Cunningham, 99 Fla. 1099, 128 So. 429, in which case it was held that a pending action for personal injuries abated upon the death of the tortfeasor and could not be revived against his personal representative. This case was overruled in Waller v. First Savings & Trust Co., 103 Fla. 1025, 138 So. 780, which held that a cause of action for compensatory damages for personal injuries did not die when *the tortfeasor* died, but survived against his personal representative. It was also held that under the statute (now 45.11 F.S. 1941) all actions for personal injuries, other than those

specifically enumerated, survive and could be maintained in the name of the personal representative of the deceased. In the recent case of In re Moore's Estate, 153 Fla. 480, 15 (2nd) 155; we held that section 4211 C.G.L. (now 45.11 F.S. 1941) deals with the abatement of *actions pending* and does not authorize the commencement of suit for personal injuries by the personal representative in the first instance. In that case, the origin of the statute is set forth and attention was called to the fact that the action in that case had been brought by the administratrix for damages for personal injuries to her husband, for the benefit of herself, a widow, and for the use of the children. No action had been brought by the husband, who lived only 22 hours after the injuries were received, and which injuries were alleged to have been caused by the negligence of the defendant. The plaintiff contended that when the husband died, his cause of action survived and vested in his personal representative under the statute above referred to, 45.11, F.S. 1941. This court however was of the opinion that plaintiff's right of recovery for damages occasioned by the wrongful act, which resulted in the death of her husband, depended under the laws of this state, upon the application of sections 7047 and 7048 C.G.L., now 768.01 and 768.02 F.S. 1941, the death by wrongful act statutes, aided as to proof by section 769.01. F.S. 1941, the hazardous occupations act.

Section 45.11, as above stated, comes down to us from an act of the legislature adopted in 1828. Later on, in 1883, the wrongful death statute above referred to was adopted. Doubtless one of the reasons for its adoption was to afford relief in cases not covered by existing law. This later statute, being the latest expression of the legislature, governs the class of actions described therein. Furthermore, as the common law afforded no remedy for death by wrongful act, this statute afforded the exclusive remedy. See Fla. E. C. Ry. Co. v. McRoberts, 111 Fla. 278, 149 So. 631, a well reasoned option by the then Chief Justice DAVIS. It begins with the words: "Whenever the death of any person in this state shall be caused by the wrongful act, negligence, carelessness or default of any individual or individuals," or of any corpo-

ration, or its agents, etc., which act, if death had not ensued, would have entitled the party injured thereby to maintain an action and to recover damages in respect thereof, then the wrongdoer shall be liable to an action for damages, "notwithstanding the death of the person injured." And Section 768.02 provides that the parties entitled to sue on such cause of action shall, alternatively, in the order named, be: (1) the widow or husband; (2) the minor child or children; (3) any person or persons dependent on the person killed for support; and (4) "where there is neither of the above classes of persons to sue, then the action may be maintained by the executor or administrator, as the case may be, of the person killed." It is further provided that in every such action the jury shall give such damages as by law the *party or parties entitled to sue may have sustained* by reason of the death of the party killed, "provided, that any person or persons to whom a right of action may survive under the provisions of this act shall recover such damages as by law such person or persons are entitled in their own right to recover, irrespective of the damages recoverable by the person or persons whom he or they may succeed."

The damages which the executor or administrator of the decedent may recover under the statute were set forth in our original opinion, and the cases therein cited. Under this statute the personal representative of the deceased cannot recover damages for injuries suffered by himself or herself personally by reason of the wrongful death, but only for damages resulting to the estate of the person wrongfully killed. In re: Moore's Estate, 153 Fla. 480, 15 So. (2nd) 55.

So we adhere to our former conclusion that under the wrongful death statute the executor of the estate of the deceased is not entitled under repeated decisions of this court, to recover damages for the pain and suffering, both mental and physical, of the deceased during the ten days following the fatal accident which caused her death. And there certainly was no right of action for such a recovery at common law. Furthermore, the decedent never had a cause of action for pain and suffering alone. While she still lived, her *cause of action* was the *wrongful* or negligent *act* of the

defendant, and her pain and suffering resulting therefrom were *only elements of damages, recoverable by her personally,* but not by her testator after her death. In L. & N. R. R. Co. v. Jones, 45 Fla. 407, 34 So. 246, it was said:

"At the common law no one had any right to recover for the negligence or wrongful death of another, and the right of recovery in such cases is due entirely to the statutes given such right and it exists only in such persons as the statutes give it to."

Even in an action by a widow under this section, 768.02, she cannot recover for the pain and the suffering of the deceased. A surviving husband or wife, minor child or children, and a dependent person, may suffer damages that is not wholly monetary, such as is peculiar to the relation that existed, and may recover damages therefor; but an executor or administrator, as the legal representative of the decedent's estate, can sustain no loss or damage by reason of the wrongful death except the pecuniary value of the life to the prospective estate of the decedent, which damage or loss does not include and has no relation to the physical or other suffering of the decedent or his relatives, or to the claims of any one for present or future support or solatium. F.E.C. R.R. Co. v. Hayes, 67 Fla. 101; 7 A.L.R. 1310.

The case of Waller v. First Savings and Trust Co., as administrator, 103 Fla. 1025, 138 So. 780, was not brought under the wrongful death statute. That case involved the construction of Section 4211 C.G.L., now section 45.11 Fla. Stats. 1941. It was held in that case that the cause of action survived the death of the tortfeasor, and the case of Close v. Cunningham, 99 Fla. 1099, 128 So. 429, was overruled, but the cases of Jacksonville Street R.R. Co. v. Chappell, 22 Fla. 616, 1 So. 10, and Jones v. Townsend, 23 Fla. 355, 2 So. 612, construing said statute, was referred to, but were not considered by the majority opinion of Mr. Justice DAVIS to be directly in point and were not overruled. And in International Shoe Co. et al. v. Hewitt as administrator, 123 Fla. 587, 167 So. 7, it was held that the death of the tortfeasor in the automobile accident in which plaintiff's decedent was killed did not preclude recovery from the tortfeasor's administratrix. This case was

brought under the wrongful death statute. The case of Fla. E.C. R.R. Co. v. Hays, supra, was cited with approval.

Counsel for appellee have called our attention to Kahn v. Wolf, 151 Fla. 863, 10 So. (2nd) 553. In that case the plaintiff sought to recover damages growing out of the collision of two automobiles, the injured party being an occupant of one of the cars and claiming that the injury was caused by the driver of the other car which belonged to the defendant's testator. As we see it, the wrongful death statute was not involved in that case, nor could it have been. The plaintiff who was injured did not die, but the owner of the automobile, whose driver's negligence constituted the cause of action, died before the institution of the suit. It was claimed by the appellant that the plaintiff in the court below should not have prevailed because the case was not instituted until after the death of the owner of the automobile. This court held otherwise. The rule laid down in the Waller case, supra applied.

Counsel also cite the case of Haverty Furniture Co. v. McKesson & Robbins, Inc. 154 Fla. 772, 19 So. (2nd) 59. In that case, the action was brought and was still pending when the injured party died from causes entirely separate and apart from the accident in which he was injured, or the effects thereof. So the death by wrongful act statute could not possibly have been applicable. We do not think that this cause can be of very much comfort to either side in the case at bar. It involved the statutory assignment to the employer of a right of action for a negligent injury to an employee. No administrator was involved. The suit was brought under the provisions of the workmen's compensation act by virtue of which the assignment of the cause of action became legally effective. However, the court did not hold in that case that under section 45.11 Fla. Stats. 1941, the action for personal injuries to the employee survived. The action was commenced during the life time of the injured party by the employer acting under the authority of Section 440.39 F.S. 1941, which clearly authorized the bringing of the action. We held that the subsequent death of the injured employee, after the suit was brought, did not abate the action; and that the right of action which had been assigned to the employer under the

statute, and the action for personal injuries which had already been brought, survived the death of the injured party. For the reasons above pointed out, my conclusion is that our former opinion in so far as it conflicts with the above opinion, be modified and that our former judgment be changed from one of conditional affirmance, to one of reversal.

THOMAS, J., concurs.