336

## BEAVEN v. SEABOARD. AIR LINE R. CO.
### Civ. No. 153.

United States District Court
N. D. Florida, Gainesville Division.

Oct. 18, 1951.

Lazonby, Dell, Graham & Mills, Gainesville, Fla., for plaintiff.

Clayton, Arnow, Duncan & Johnston, Gainesville, Fla., for defendant.

DE VANE, Chief Judge.

Samuel S. Beaven was killed on November 21, 1950, in a crossing accident by a train operated by the Seaboard Air Line Railroad Company. Death was instantaneous following the accident. His widow, Helen S. Beaven brought suit against the Railroad Company in her own right under the Death by Wrongful Act Statute, Secs. 768.01, 768.02, Florida Statutes 1941, F.S.A., for the damages suffered by her by reason of the alleged wrongful death of her husband. She also qualified as administratrix of the estate of her deceased husband and brought this action under the Survival of Action Statute, Section 45.11, Florida Statutes 1941, F.S.A., to recover the damages suffered by the estate of decedent subsequent to death as the result of his alleged wrongful death.

Defendant filed an answer to the complaint and also filed a motion to dismiss on the ground, among others, that the complaint fails to state a claim upon which relief can be granted and on the further ground that loss of prospective estate is not recoverable under the laws of Florida in an action by the administratrix in a case where there is a surviving widow, a minor child or children, or person or persons dependent on the person killed for support.

Other questions were raised by motions filed in this case, all of which were disposed of prior to the argument of the motion to dismiss and this Memorandum Decision pertains only to the questions raised by the motion to dismiss.

When this motion came on for argument the court permitted counsel for plaintiff to amend paragraph 7 of the complaint to eliminate therefrom certain claimed damages not recoverable in an action of this character, so that paragraph 7, relating to damages claimed by plaintiff in this suit, now reads, as follows: "7. That as a result of defendant's negligence and carelessness as aforesaid, plaintiff's intestate, the said Samuel S. Beaven, was crushed and mangled, from which injuries he died, and by reason of the death of the said Samuel S. Beaven, as aforesaid, he was deprived of any further opportunity to carry on his accustomed activities and of his earnings and other accumulations, which he should have reasonably expected to enjoy for his probable life expectancy had his death, as aforesaid, not intervened."

The question posed by the amended complaint and the Motion to Dismiss is, as

follows: May plaintiff, as administratrix, maintain an action under the Survival Statute (45.11, F.S.A.) when plaintiff's decedent did not survive accident and, therefore, had no pain and suffering, or recoverable expenses incurred as the result of the accident, or loss of earnings after the accident and prior to death?

Plaintiff relies upon Ake v. Birnbaum, 156 Fla. 735, 25 So.2d 213.

Prior to the decision of the Supreme Court in the Ake case the law of Florida was that no right of action existed in favor of the administratrix of the decedent's estate against the tort-feasor unless the decedent had brought an action prior to death. See dissenting opinion of Mr. Justice Brown in the Ake case. In the Ake case the administratrix sought to recover only the damages suffered by decedent between the accident and date of death. Ten days intervened and during this period the decedent incurred considerable medical and hospitalization expenses and much pain and suffering. He had not instituted suit to recover same prior to death. All the Ake case did, as this court understands that decision, was to hold that the administratrix could sue the tort-feasor and recover these elements of damages, which the decedent might have recovered, even though he had failed to institute suit prior to death. Under the decision in the Ake case it is clear that the plaintiff has the right to maintain this suit as administratrix to recover any damages that her deceased husband might have recovered prior to his death. See Epps v. Railway Express Agency, 40 So. 2d 131. Plaintiff claims no such damages in this case and, in fact no such damages existed as death was instantaneous following the accident. As stated above the damages sought to be recovered are damages suffered by the estate of decedent subsequent to death as a result of his alleged wrongful death. Such damages are not recoverable in Florida.

Defendant's motion to dismiss the complaint on the ground that the same fails to state a claim upon which relief can be granted is well taken. Since plaintiff had a right of action she is entitled to her costs, provided she will amend her complaint to ask for nominal damages and her costs incurred in this case. She will be allowed thirty days from the entry of the order granting the motion to dismiss and allowing her to amend and should she fail to amend her complaint within said period, the motion to dismiss will be granted and the case dismissed.