**ENGLISH v. UNITED STATES.**

No. 228–M–Civ.

United States District Court
N. D. Florida, Marianna Division.

Oct. 19, 1953.

**530**

James N. Daniel, Chipley, Fla., Clyde R. Brown, Bonifay, Fla., for plaintiff.

Hayford O. Enwall, Asst. U. S. Atty., Gainesville, Fla., for defendant.

DE VANE, Chief Judge.

This is a suit by plaintiff, in his own right and as administrator of the estate of Ralph English, deceased, against the United States of America to recover damages for the death of his son, Ralph English. The complaint was filed under the provisions of the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., alleging negligence on the part of defendant's employees which resulted in the death of Ralph English.

At the trial of the case the court held defendant negligent and permitted recovery by plaintiff on his cause of action brought in his own behalf as the father of the deceased, who was a minor at the time of his death. This action is predicated on Section 768.03, F.S.A., which permits such recovery by a parent.

On the second cause of action where plaintiff sued as administrator of his son's estate for the prospective earnings and wages of said decedent reasonably to be expected during his lifetime, the court held that death in this case being instantaneous with the accident no recoverable damages existed under Florida law. In so holding the court relied upon Ake v. Birnbaum, 156 Fla. 735, 25 So.2d 213, as the court construed that opinion

of the Supreme Court of Florida. On appeal this court was reversed, the Court of Appeals holding in effect Sections 768.-01 and 768.02 give to the administrator, if and when the administrator has the right to sue under these sections, much greater rights than are given to a decedent's widow, children or other beneficiaries enumerated in the statutes. Cf. Clemmons v. U. S., D.C., 105 F.Supp. 260.

This case is now again before the court solely on the question of damages to be awarded plaintiff as administrator of the estate of Ralph English, deceased. The evidence in the case shows that Ralph English was a minor, only a few months short of twenty-one years of age. He was unmarried and no one was dependent upon him for support. Following his graduation from highschool he remained with and joined his father in farming operations, participating in the earnings of the farm. For a short period, just prior to his death, the decedent went to South Florida and secured employment in the citrus industry at the heighth of the season. This employment was temporary and this one excursion into that field of activity is the only employment shown for the deceased, except his work on his father's farm. His father has been a frugal farmer and over the years of his activity has acquired 376 acres of land upon which he farms. He has also acquired the necessary farming equipment, a small herd of cattle and a number of hogs. It is out of this activity on the farm that the plaintiff and his son were making their livelihood.

Assuming that the son would have been as frugal and industrious as his father, the court finds and holds that he may have been expected to accumulate an estate in his lifetime equal to the present value of $5,000. A judgment in that amount will, therefore, be entered for the plaintiff in this case.