## LITTLE RIVER BANK & TRUST CO. v. BARTHOLEMY.
### No. 59 L 2391.

Circuit Court, Dade County.

January 13, 1960.

Butler & Swope, Miami Shores, for plaintiff.

Henry R. Carr, Miami, for defendant.

IRVING CYPEN, Circuit Judge.

This matter is before me on defendant's petition for a rehearing of his motion to dismiss the complaint for failure to state a cause of action.

Plaintiff bank, as executor, brings this suit against its decedent's widower under the Wrongful Death Statute of this state and alleges in substance that the defendant wrongfully, wilfully and maliciously caused his wife's death by firing a loaded pistol at her head. The complaint alleges that the wife left no surviving child or any person dependent upon her for support, and further alleges —"however, the said deceased did leave surviving Alfred S. Bartholemy, her husband, the defendant in this action."

The defendant moved to dismiss the complaint on the ground that under our Wrongful Death Statute, and more particularly, section 768.02 F.S.A., the only person who could bring an action for wrongful death is the husband-defendant, that is, the person who caused the wrongful death. This court, upon the hearing of

defendant's motion denied same and gave the defendant ten days in which to answer the complaint. Thereafter, the defendant petitioned for a rehearing of his motion, maintaining that the court's ruling upon the motion was in direct conflict with the provisions of sections 45.11 and 768.02 of the Florida Statutes, and in further conflict with the cases of Sullivan v. Sessions, 80 So. 2d 706, Benoit v. Miami Beach Electric Co., 96 So. 158 (Fla. 1923), Love v. Hannah, 72 So. 2d 39 (Fla. 1954), and In re Moore's Estate, 15 So. 2d 55 (Fla. 1943). The cases cited by defendant while reciting the law of this jurisdiction are not applicable to the facts in this case.

There is no question but that upon a motion to dismiss the complaint for failure to state a cause of action, this court must treat the allegations in the complaint as true for purposes of deciding the motion.

The pertinent provisions of section 768.02 F.S.A. provide—

"Every such action shall be brought by and in the name of the widow or husband, as the case may be, and where there is neither widow or husband surviving the deceased, then the minor child or children may maintain an action; and where there is neither widow nor husband, nor minor child or children, then the action may be maintained by any person or persons dependent on such person killed for a support; *and where there is neither of the above classes of persons to sue,* then the action may be maintained by the executor or administrator, as the case may be, of the person killed." (Italics added.)

Defendant's contention is that since the complaint alleges that the deceased left a husband surviving, albeit the wrongdoer, the executor is not the proper person to bring this suit and the defendant refers this court to the Sullivan, the Benoit, and the Love cases, and In re Moore's Estate, supra, as authority for this proposition. There is no question but that the Supreme Court has ruled that it was the intent of the legislature in enacting section 768.02 to provide for classes of persons who might bring a wrongful death action. Further, the Supreme Court has held that it is incumbent upon the plaintiff in such a suit to affirmatively allege and prove the non-existence of members of the class or classes who have higher priority under the statute to bring such an action, Benoit v. Miami Beach Electric Co., 96 So. 2d 158 (Fla. 1923). Sullivan v. Sessions, supra, deals with the right of an administratrix of a wife to sue the husband's estate under the survival statute. The Love case, supra, holds that whether or not the plaintiff in a wrongful death action is the proper party to sue is determined by facts existing at the time of the deceased's death.

In a collection of cases in 28 A.L.R. 2d 622, it can be seen that the problem before the courts in cases such as the instant one is whether the common-law immunity of one spouse from answering in damages for a tort committed on the other spouse will bar a suit. In Shiver v. Sessions, 80 So. 2d 905 (Fla. 1955), which was a companion case to the Sullivan case, supra, the Supreme Court held that the Wrongful Death Act creates an entirely new cause of action in named beneficiaries and that the rule of marital immunity has no application in such a case because the public policy behind this rule, to-wit, preservation of marital harmony, is no longer present.

In an Oregon case, essentially on all fours with the instant case, the Oregon Supreme Court decided that under its Wrongful Death Act the wife's executor could maintain an action, even though under its statute the executor would normally be the proper party-plaintiff only upon an affirmative showing, inter alia, of the non-existence of a "widower". Apitz v. Dames, 287 P. 2d 585 (Ore. 1955). The Oregon court reviewed carefully the history of the Wrongful Death Statute and held that it could not have been the intent of the legislature to allow the unjust result that might ensue should the executor be denied a right of action where the surviving widower was instrumental in causing the death. The logic of the Oregon Court compels me to the same result. To rule otherwise would be to pervert the true intent of the Florida legislature.

Let us suppose that in this case the parties had left minor children. In such an instance, under the reasoning of defendant, the minor children could not bring an action for their mother's wrongful death since the defendant-husband would be in a class of higher priority than the children. That this was never the intention of the legislature can be discerned from the statute itself which provides in part —". . . and where there is neither of the above classes of persons to sue, then the action may be maintained by the executor or administrator. . . ." See Henderson v. Henderson, 14 Fla. Supp. 181.

It has long been the rule at common law and in this state that a wrongdoer cannot profit by reason of his wrongful act, Carter v. Carter, 88 So. 2d 153 (Fla. 1956). Clearly then, in the instant case, the tortfeasor-husband not being a person who can sue, and there being no children or persons dependent for support surviving the deceased, the plaintiff can maintain this suit.

Defendant's petition for rehearing is denied. Defendant shall answer the complaint within 20 days.