QUESTION:
Does a conflict exist between s. 768.20, F.S., of the new Wrongful Death Act, which specifically prohibits the survival of an action for a personal injury resulting in death, and Florida's survival statute, s. 46.021, F.S.?
SUMMARY:
Section 768.20, F.S., of the new Wrongful Death Act, limits the application of s. 46.021, F.S., the survival statute, only to the extent that an action for a personal injury resulting in death previously maintainable by a personal representative under the survival statute now abates. All other actions previously preserved by the survival statute continue in existence.
At common law, the legal doctrine actio personalis moritur cum persona (personal actions die with the person) prevented the personal representative of a decedent from maintaining any action on behalf of the decedent's estate, if the cause of such action was personal to the decedent, i.e., actions ex delicto in general. (It might be noted that, even under the common law, actions for breach of contract, or otherwise ex contractu, usually survived the death of a party.) [See] 1 Fla. Jur. Abatement and Revival s. 14, pp. 19-20. This doctrine served in part as the basis for Lord Ellenborough's dictum in Baker v. Bolton (1808), adopted in the United States to deny recovery in a civil action for the death of a person caused by the neglect or wrongful act of another. Florida Law Revision Commission, Recommendations and Report on Florida Wrongful Death Statutes (Dec. 1969), p. 13 (hereinafter cited as Recommendations). However, the doctrine was broader than this in application, preventing the survival of any cause of action which was not assignable by the decedent (e.g., a personal injury action unrelated to the cause of decedent's death). See Ake v. Birnbaum,25 So.2d 213 (Fla. 1945) (Brown, J., dissent).
In most states, the effect of this common-law rule has been overcome by the enactment of "survival statutes." Florida's survival statute, s. 46.021, F.S., enacted in substantially its present form by s. 1, Ch. 26541, 1951, Laws of Florida, provides as follows: "No cause of action dies with the person. All causes of action survive and may be commenced, prosecuted and defended in the name of the person prescribed by law."
Such a statute has traditionally had its primary impact in preserving a cause of action in the decedent's personal representative for those injuries sustained by the decedent prior to, and resulting in, his death, said cause of action being an asset of the decedent's estate. Recommendations, supra, p. 18. The damages generally recoverable in this situation are those which were suffered by the decedent (i.e., damages for conscious pain and suffering, medical expenses, funeral and burial expenses, and loss of earnings to date of death). Stokes v. Liberty Mutual Insurance Co., 213 So.2d 695, 697 (Fla. 1968); Ellis v. Brown,77 So.2d 845 (Fla. 1955); Sinclair Refining Co. v. Butler,190 So.2d 313 (Fla. 1965).
As previously indicated, wrongful death actions were also unknown at common law. Florida East Coast Railroad Co. v. McRoberts,149 So. 631 (Fla. 1933). However, beginning with Lord Campbell's Act, enacted in England in 1846, wrongful death acts have been enacted in most jurisdictions to provide that whenever a person's death is caused by the wrongful act, neglect, or default of another under circumstances that would have entitled the party injured to sue for personal injuries had death not ensued, an action may be brought for the benefit of certain relatives of the deceased. Recommendations, supra, p. 17. Thus, under the typical "loss to survivors death act," conceptually different from survival statutes, recovery is limited to those damages resulting from the death of the decedent which are suffered by the persons for whose benefit the action is brought. Ake v. Birnbaum, supra. Such damages are awarded for the pecuniary value reduced to present worth of the probable contributions to support which the deceased would have made to the survivors had he lived and for the value of the services which the decedent normally would have rendered to the survivors. Recommendations, supra, p. 29.
In 1972, Florida enacted a revised Wrongful Death Act. Chapter 72-35, Laws of Florida. Prior to this revision, it was possible that three different causes of action would arise when a person caused a fatal injury. Firstly, the survival statute, s. 46.021, supra, provided for recovery of those damages personal to the decedent suffered prior to death. Secondly, a cause of action was created upon death by s. 768.01, F.S. (1971), repealed by Ch. 72-35, for the injuries sustained by the survivors of the decedent (subject to the hierarchy of beneficiary classes established by s. 768.021, id.). Finally, s. 768.03, id., provided the parents of a deceased minor child with a third and distinct cause of action for loss of the common-law right to the child's services and for mental pain and suffering.
One of the purposes of the 1972 revision was to eliminate the multiplicity of suits which often followed a wrongful death. Recommendations, supra, p. 34. The new Wrongful Death Act is intended to accomplish this objective in part by providing in s.768.20, F.S., that "[w]hen a personal injury to the decedent results in his death, no action for the injury shall survive, and any such action pending at the time of death shall abate." (Emphasis supplied.)
Thus, a separate action for the ultimately fatal personal injury to the decedent previously brought pursuant to s. 46.021, supra, the survival statute, has been eliminated, and the only damages which may be recovered when a person causes a fatal injury are those provided for in s. 768.21, F.S. That section includes damages which are recoverable by the personal representative for the decedent's estate (i.e., generally, loss of earnings from the date of injury to the date of death, and medical or funeral expenses due to the decedent's injury or death). Section768.21(6). The only nonrecoverable element of damages traditionally allowed under the survival statute is for conscious pain and suffering.
One effect of the foregoing provisions of the new Wrongful Death Act is to limit the scope of s. 46.021, supra, the survival statute. In this regard it is a fundamental rule of statutory construction that the last expression of the legislative will is the law when, as here, there appears to be an irreconcilable conflict in the provisions of different statutes. See State v. City of Boca Raton, 172 So.2d 239 (Fla. 1965). Moreover, when the legislature enacts two laws relating to the same general subject matter, one specific and one general, the specific will control over the general. Panzavecchia v. State, 201 So.2d 762 (3 D.C.A. Fla., 1967). As a result, the new Wrongful Death Act — which was enacted subsequent to the survival statute and which specifically provides that no action for an ultimately fatal personal injury shall survive — controls over the survival statute to the extent they are inconsistent.
However, the survival statute is still applicable to preserve other personal actions which the decedent may have brought or was bringing prior to his death. For example, a personal injury action unrelated to the injury which resulted in decedent's death is continued in existence by the survival statute. Ake v. Birnbaum, supra. (For another example, see Spicy v. City of Miami,280 So.2d 419 [Fla. 1973], in which decedent's administrator brought an action under the survival statute for the false imprisonment of the decedent.) The only situation in which the survival statute will not now continue in existence a previously preserved cause of action is when, under s. 768.20, supra, an action for the personal injuries causing decedent's death abates.