SWANN, Judge.
Howard Levy was admitted to the Baptist Hospital of Miami, Inc. on January 4, 1963. He died while a' patient in the hospital on January 11, 1963.
On September 29, 1966, Ethel Stone Levy, widow and executrix of the deceased, sued the hospital for damages. The trial court granted the defendant’s motion for judgment on the pleadings which was based solely upon the Statute of Limitations, and final judgment was rendered accordingly. This appeal follows.
*731 Count One embraced a variety of claims by the plaintiff as executrix, pursuant to the survival statute, Fla.Stat. § 45.11 (1965), F.S.A. Included, inter alia, was a claim for damages occasioned by the defendant’s negligence. Count Two embraced a wrongful death claim by the plaintiff as widow of the decedent. The wrongful death claim of Count Two is barred by the two year statute of limitations enunciated in Fla.Stat. § 95.11(6) (1965), F.S.A.
Thus, the question before us is whether the action brought under the survival statute[1] is governed by the three year period of limitation set forth in Fla.Stat. § 95.11(5) (a), F.S.A., for an “action upon a liability created by statute”, or by a different period of limitation, such as the four year period set forth in Fla.Stat. § 95.11(4), F.S.A., which generally governs tort actions.
Fla.Stat. § 45.11 (1965), F.S.A., provides as follows:
“45.11 Actions; surviving death of party.—
No action for personal injuries and no other action shall die with the person, and all actions shall survive and may be instituted, maintained, prosecuted and defended in the name of the personal representative of the deceased, or in the name of such other person as may be provided by law.”
The appellee argues that since an action for personal injuries would not have survived the decedent at common law, the plaintiff’s action as executrix, brought pursuant to Fla.Stat. § 45.11 (1965), F.S.A., is “an action upon a liability created by statute,” governed by the three year period of limitation embodied in Fla.Stat. § 95.11(5) (a) (1965), F.S.A.
We believe that the intent expressed by the language of Fla.Stat. § 45.11, F.S.A., is the preservation of an already existing liability, rather than the creation of some new, independent action or liability. The personal representative receives no more and no less than the decedent would have had he lived, i. e, subject to the strength and weakness of the decedent’s cause of action had he survived. The liability is the same and there are no new elements of damage. See Ake v. Birnbaum, 156 Fla. 735, 25 So.2d 213, 218-222 (1946).
The alleged liability for which recovery is here sought under Fla.Stat. § 45.11 (1965), F.S.A., is the liability, if any, which came in being when the decedent suffered his alleged injuries. No new liability is created or imposed by Fla.Stat. § 45.11 (1965), F.S.A. Thus, the proper period of limitation here is the one applicable to such an action if it had been brought by the decedent, himself, had he survived. See 2 Harper & James, Torts § 24.7 (1956).
In her remaining point, appellant has sought to raise the question of whether the Statute of Limitations was tolled. - Her argument, however, is premised upon various matters outside of the record on appeal, e. g. the date she received her letters of administration in the estate and the date prior action was commenced. Consequently, ex mero motu, the court refuses to consider these matters as appropriate grounds for reversal.
Accordingly, we reverse and remand with instruction to reinstate the claims of the plaintiffs brought pursuant to Fla.Stat. § 45.11 (1965), F.S.A., which would not have been barred by the statute of limitations if the instant action had been brought by the decedent, had he survived. In particular it would seem that the negligence aspect of the plaintiff’s claim as executrix under Fla.Stat. § 45.11 (1965), F.S.A., is not barred under Fla.Stat. § 95.11(4), F.S.A., but that the alleged breach of an oral contract [claim] is barred by Fla.Stat. § 95.11(5) (e) (1965), F.S.A.
It is so ordered.

. Fla.Stat. § 45.11 (1965), F.S.A., see also Fla.Stat. § 46.021 (1967), F.S.A.