# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-828
_____

AMMAR AL BATHA, as Personal
Representative of the Estate of
Abdel-Kader Al Batha, and
SHAHIRA ALSHAMI, individually,

    Appellants,

    v.

STATE OF FLORIDA, AGENCY FOR
HEALTH CARE ADMINISTRATION,

    Appellee.

_____

On appeal from an order of the Division of Administrative Hearings.
W. David Watkins, Judge.

January 14, 2019

ROBERTS, J.

During oral arguments, the parties conceded that this appeal involves the very narrow question of whether a legal representative qualifies as "recipient" in the 2016 version of section 409.910(17)(b), Florida Statutes. Because we answer the question affirmatively, we reverse the administrative law judge's (ALJ) dismissal of the personal representative's petition with prejudice.

Prior to his death, the decedent was involved in a car accident that left him with life threatening injuries. As a result of those injuries, the decedent received extensive medical care that was paid by Florida's Medicaid program. Florida's Medicaid program is administered by the Agency for Health Care Administration (AHCA). *See* § 409.902(1), Fla. Stat. (2016). When a person receives Medicaid benefits for a covered injury, AHCA has an automatic lien against any claim in which a third party is liable for the amount of medical assistance it provided. § 409.910(6)(c).

Believing that the other party caused the decedent's death, the decedent's personal representative (PR) and his spouse initiated a wrongful death action. The PR and decedent's spouse ultimately entered into a confidential settlement with the other party. After settling the wrongful death action, the PR and the decedent's spouse filed a petition with the Division of Administrative Hearings to contest the amount of AHCA's Medicaid lien pursuant to section 409.910(17)(b). In response to the petition, AHCA filed a motion to dismiss alleging that the PR and the decedent's spouse could not challenge the lien because they were not "recipients." The ALJ agreed.

We review administrative legal conclusions *de novo*. *Brownsville Manor, LP v. Redding Dev. Partners, LLC*, 224 So. 3d 891, 894 (Fla. 1st DCA 2017). Section 409.910(17)(b) states that only a "recipient" may contest AHCA's Medicaid lien. The term "recipient" is defined in section 409.901(19), Florida Statutes (2016), and includes a person who received medical assistance under the Florida Medicaid program for the purposes of section 409.910. Even though a person dies, his right to an existing cause of action does not die with him. *See* § 46.021, Fla. Stat. (2016); *Levy v. Baptist Hosp. of Miami, Inc.*, 210 So. 2d 730, 730 (Fla. 3d DCA 1968) (the intent of the statute is to preserve an existing action rather than create a new one). Therefore, theoretically a deceased person could file a petition to challenge AHCA's lien if he could file a petition. Under Florida law, the proper person to file a cause of action on behalf of a deceased person is the personal representative. *See* § 733.612(20), Fla. Stat. (2016); Fla. R. Civ. P. 1.210(a). Since a personal representative is the person authorized to prosecute a deceased person's claims, then a personal

2

representative qualifies as a "recipient" providing the deceased person qualifies as a "recipient."

The ALJ found that the decedent received medical care related to his injury that was paid by Florida's Medicaid program. Therefore, the decedent qualified as a "recipient." Because the decedent qualified as a "recipient," his PR qualified as a "recipient." Therefore, the ALJ erred when he concluded otherwise and dismissed the PR's complaint with prejudice. Since the decedent's wife was not the decedent's personal representative nor the person who received medical assistance from Florida's Medicaid program, she does not qualify as a "recipient." The ALJ did not err in dismissing her petition. We leave all other questions for another day.

AFFIRMED in part, REVERSED in part, and REMANDED.

B.L. THOMAS, C.J., concurs; OSTERHAUS, J., dissents with opinion.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

OSTERHAUS J., dissenting.

Because Mr. Al Batha is deceased, and none of the appellants are Medicaid "recipients" within the meaning of chapter 409, I disagree that they may contest the calculation of medical expenses payable to the agency under § 409.910(17)(b), Florida Statutes (2016).

The text of § 409.910(17)(b) clearly limits who may contest § 409.910(11)(f)-calculated amounts: "*A recipient* may contest the amount designated as recovered medical expense damages payable to the agency pursuant to the formula specified in paragraph (11)(f)." § 409.910(17)(b), Fla. Stat. (2016) (emphasis added). "Recipient" is specifically defined and distinguished in the statute from representatives of a recipient and others. The statute defines

3

"recipient" to mean "an individual [who is determined] eligible, pursuant to federal and state law, to receive medical assistance and related services for which the agency may make payments under the Medicaid program." § 409.901(19), Fla. Stat. (2016). It also distinguishes recipients from legal representatives of a recipient in various places. Section 409.910(11)(f), for instance, speaks of the Medicaid recovery formula related to third-party tort actions "in which *the recipient **or** his or her legal representative* is a party which results in a judgment, award, or settlement from a third party." § 409.910(11)(f), Fla. Stat. (2016) (emphasis added.). This statute separately identifies judgments received by party recipients and party legal representatives of a recipient. Later in § 409.910(17)(a), the statute again distinguishes a recipient from a recipient's representative stating:

> *[a] recipient **or** his or her legal representative or any person representing, or acting as agent for, a recipient or the recipient's legal representative*, who has notice . . . who receives any third-party benefit or proceeds for a covered illness or injury, must . . . pay the agency the full amount of the third-party benefits, but not more than the total medical assistance provided by Medicaid, or place the full amount of the third-party benefits in an interest-bearing trust account for the benefit of the agency pending an administrative determination of the agency's right to the benefits under this subsection.

§ 409.910(17)(b), Fla. Stat. (emphasis added).

Only in the next paragraph, § 409.910(17)(b), do we see the Legislature addressing "a recipient" alone, without also referring to a recipient's representative. This text provides for only "[a] recipient" to contest the amount designated by the formula specified in § 409.910(11)(f). Different from companion paragraphs (11)(f) and (17)(a), paragraph (17)(b) drops any reference to a recipient's representative. It says nothing of allowing a representative to initiate a contest, but only permits a "recipient" to do so. For this reason, I agree with the decision of the administrative law judge and with the other cases that construe the statute to limit protection from Medicaid liens to only living Medicaid recipients. *See, e.g.*, *Goheagan v. Perkins*, 197 So. 3d 112

4

(Fla. 4th DCA 2016); *Estate of Hernandez v. Agency for Health Care Admin.*, 190 So. 3d 139 (Fla. 3d DCA 2016).

Because the statute's plain language is dispositive, making clear that non-recipients—personal representatives and the like—do not have the same opportunity as a recipient to contest the results of the amount designated under paragraph (11)(f)'s formula, I would affirm.

_____

Floyd B. Faglie of Staunton & Faglie, PL, Monticello, for Appellants.

Ashley Brooke Moody, Attorney General, Jonathan A. Glogau and Elizabeth Teagan, Assistant Attorneys General, Tallahassee; Tracy Cooper George and Stefan Grow, Agency for Health Care Administration, Tallahassee, for Appellee.